IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIELLE VALDEZ, as
Guardian Ad Litem for JANE DOE, a minor,

    Plaintiff,

vs.                                            Case No. 1:20-cv-01041-SCY-JHR

TAOS MUNICIPAL SCHOOLS;
LILLIAN TORREZ, ROBERT TRUJILLO,
LISA ABEYTA-VALERIO, and
EMY DEHERRERA in their individual capacities,

    Defendants.

## ORDER DENYING MOTION FOR THIRD STIPULATED ORDER AMENDING STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER

THIS MATTER comes before the Court on Plaintiff's Unopposed Third Motion to Amend Stipulated Protective and Confidentiality Order [Doc. 76] filed February 9, 2022. Having reviewed the Motion and other matters of record, and being fully advised, the Court finds that even though the relief requested in Plaintiff's third motion is unopposed, the Court is without jurisdiction under New Mexico law to grant the relief requested.

The Motion seeks the Court's assistance to obtain certain records subpoenaed from the New Mexico Children Youth and Families Department's Juvenile Probation and Parole Office.[1] The Motion states that the records subpoenaed are juvenile delinquency records pertaining to a person who allegedly assaulted the minor plaintiff in this case. [Doc. 76, p. 2]. The Court presumes that the primary relevance of the documents would be to assist Plaintiff to demonstrate that Defendants had information prior to the assault which put them on notice of the risk to the minor plaintiff; there may be additional or different relevance asserted by Plaintiff, and it is not the

---

[1] A copy of the subpoena was not provided to the Court.

1

purpose of this Order to make any findings or resolve any disputes regarding relevance of any of the documents.

New Mexico law presumes that "all [delinquency] records" held by the State are "confidential and shall not be disclosed directly or indirectly to the public." NMSA § 32A-2-32(A) (2009) (bracketed language supplied). The statute grants a list of agencies and individuals disclosure upon condition of continued confidentiality. *See* NMSA § 32A-2-32(C).[2]

The parties have stipulated to obtaining the juvenile records through a provision requiring disclosure to "any other person or entity, by order of the court, having a legitimate interest in the case or the work of the court who agrees not to otherwise release the records." NMSA § 32A-2-32(C)(16). The parties jointly ask this Court to provide such an order containing a finding of "legitimate interest" based on connections between the juvenile delinquency case and the claims alleged by Plaintiff herein.

The barrier to granting the parties' request is that a United States District Court is not within the definition of a "court" empowered by the State of New Mexico to make the finding of "legitimate interest" and then order disclosure under § 32A-2-32(C)(16). Instead, "court" as defined for purposes of the New Mexico Children Code, of which the delinquency statutes are a part, is "the children's court division of the [New Mexico] district court and includes the judge, special master or commissioner appointed pursuant to the provisions of the Children's Code or supreme court rule." NMSA § 32A-1-4(C) (2019) (bracketed language supplied). This Court is not aware of any authority for a federal court to occupy the role contemplated by § 32A-2-32(C)(16).

---

[2] Delinquency records which are also "mental health and developmental disability records" must be sought under separate provisions of New Mexico's Children's Mental Health and Developmental Disabilities Act. NMSA § 32A-2-32(B). A request under that Act is not presented in this Motion.

*See, e.g., Z.M.A. ex rel. Lujan v. Santa Fe Pub. Sch.*, Civ. No. 06-158 DJS/LFG, 2006 WL 8443752 (D.N.M. Aug. 4, 2006) (Garcia, J.) (unpublished).[3]

IT IS THEREFORE ORDERED, because this Court lacks jurisdiction to grant the relief requested, that Plaintiff's Unopposed Third Motion to Amend Stipulated Protective and Confidentiality Order [Doc. 76] filed February 9, 2022, is DENIED.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

---

[3] The statute at the time of the Z.M.A. decision applied to "[a]ll social records" rather than "all records." U.S. Magistrate Judge Garcia held that the "court" authorized to order disclosure to "any other person or entity" is the New Mexico Children's Court. 2006 WL 8443752, at *2. He then analyzed New Mexico substantive law and the policy reasons for confidentiality of records prepared for court proceedings. *Id.* at *2-3. Then he distinguished "investigative reports" and invited *in camera* submission of those to separate confidential "evaluative summary" from disclosable "factual determinations." *Id.* at *3-4. Under the current scope of the statute ("all records"), that distinction appears untenable.