IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

     Plaintiff,

vs.                        Case No. 1:20-cv-01041-SCY-JHR

TAOS MUNICIPAL SCHOOLS;
LILLIAN TORREZ, ROBERT TRUJILLO,
LISA ABEYTA-VALERIO, and
EMY DEHERRERA in their individual capacities;

     Defendants.

**MOTION FOR INJUNCTIVE RELIEF AND SANCTIONS
FOR PLAINTIFF AND PLAINTIFFS' COUNSELS' VIOLATION OF
<u>STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER AND FERPA</u>**

COME NOW, Defendants, Taos Municipal Schools (TMS), Lillian Torrez, Robert Trujillo, Lisa Abeyta-Valerio, and Emy DeHererra (hereafter, Defendants), by and through their counsel of record, German · Burnette & Associates, LLC (Elizabeth German, Mary Keleher Castle, Cindy Cordova, and Lindsay Van Meter), and hereby file this *Motion for Sanctions and Injunctive Relief for Plaintiff and Plaintiffs' Counsel's Violation of Stipulated Protective and Confidentiality Order and FERPA*.[1] Pursuant to D.N.M.LR-Civ. 7.1(a), Defendants in good faith sought concurrence in this motion,[2] and Plaintiff did not concur in this motion.

As grounds for this Motion, Defendants state:

---

[1] Though there is only one Plaintiff in this case, Counsel for Plaintiff also represent Doe 2, who has moved to intervene for a limited purpose, in this matter. Thus, throughout this Motion, Defendants refer to "Plaintiffs' Counsel." FERPA is the Family Educational and Privacy Rights Act, 20 U.S.C. § 1232g.

[2] On October 4, 2022, Defendants sent Plaintiff's Counsel a draft of this Motion and asked for Plaintiff's position. Plaintiff's Counsel sent back a letter with several questions. Also, on October 5, 2022, Doe 2 filed a *Motion to Intervene*, without previously seeking concurrence from Defendants.

1. On May 14, 2021, Defendant filed an *Unopposed Motion for Protective Order and Motion Regarding FERPA Process*, and, on May 18, 2021, the Court entered a *Stipulated Order Granting Unopposed Motion for Protective Order and Motion Regarding FERPA Process.*

2. On July 14, 2021, the parties, through their respective counsel, jointly moved the court for entry of a *Stipulated Protective and Confidentiality Order* (hereafter, *Protective Order*).

3. The parties represented, among other things, that there "is good cause to enter a protective order" because the case involves "education records" as defined in the FERPA, 20 U.S.C. § 1232g(4), and because the case involves minors and allegations of student-on-student sexual abuse and harassment.

4. The Court entered the *Protective Order* on July 15, 2021. (Doc. 35)

5. The *Protective Order* defines "Confidential Information" as "information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause specific and serious harm to the interests of a party or nonparties." The parties agreed to the following categories of "Confidential Information":

   A. "Education records" as defined in FERPA, 20 U.S.C. § 1232g(4),

   B. "Protected health information" as defined in HIPAA, 45 C.F.R. § 160.103, regarding an individually identifiable Taos Municipal Schools student, former student, or minor.

   C. Personnel records of employees of Taos Municipal Schools containing employee evaluations and disciplinary actions, but only insofar as they are exempt from disclosure to the public under the Inspection of Public Records Act ("IPRA"), NMSA 1978, § 14-2-1, or other applicable law; and

   D. Photographs, digital images, or video recordings which depict any act of sexual assault or other sexual activity between persons or

which depict any person's unclothed breasts, buttocks, or sexual organs.

6. Pursuant to joint orders, the Court twice amended the *Protective Order*, adding the following categories of "Confidential Information": a) Records of proceedings for an Order of Protection under New Mexico law; b) Records of domestic relations, name change, parentage, adoption, or abuse/neglect proceedings involving minor children; c) Records of juvenile delinquency proceedings, juvenile criminal proceedings, juvenile probation and parole records under New Mexico law (Doc. 59); and d) Law enforcement records to which the public has no right to inspect under the New Mexico Inspection of Public Records Act, NMSA 1878 Sec. 14-2-1(D) and 14-2-1(H) that have been marked by the law enforcement agency as containing confidential material pursuant to this Protective Order. (Doc. 61)

7. Several provisions within the *Protective Order* limit the scope of the use of Confidential Information provided pursuant to the *Protective Order*. These provisions include:

A. Paragraph 1: The parties "agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals or related proceedings involving a party."

B. Paragraph 6, "**Protection of Confidential Material**":

(a) **General Protections**: <u>Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one or more of the parties to this litigation</u>.

(b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons in the course and scope of their duties related to this case:

(i) The parties to this litigation, including any employees, agents, and representatives of the parties;
(ii) Counsel for the parties and employees and agents of counsel;
. . .
(viii) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent of showing such confidential documents or information to them for the purpose of assisting the witness in recalling, relating, or explaining facts or in testifying without allowing them to keep or retain a copy of the confidential documents or information in their possession, and only after such persons have been provided with a copy of this Stipulated Protective Order[.]

C. Paragraph 13: **Persons Bound by Protective Order**. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

(Doc. 35, emphasis added)

8. After being provided notice of the potential release of their education records, one student objected. ██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████



9. On August 5, 2022, counsel for Plaintiff in this matter, Rothstein Donatelli, LLP, through Carolyn M "Cammie" Nichols, Carey Bhalla, and Arne Leonard, and also Mark Peper, filed a lawsuit in this District Court on behalf of another litigant, captioned:

**JANE DOE 2,**

      **Plaintiff,**

**vs.**

**TAOS MUNICIPAL SCHOOLS;**
**LILLIAN TORREZ, ROBERT TRUJILLO,**
**LISA ABEYTA-VALERIO, and**
**EMY DEHERRERA in their individual capacities;**
**Defendants.**

The case number for *Jane Doe 2* is 22-cv-590-KWR-JHR.

10. Jane Doe 2 is not the same person as Jane Doe in this case.

11. References throughout the *Complaint* in Jane Doe 2 demonstrate the following violations of the *Protective Order* entered in this case:

    a. Plaintiff in this case and/or her counsel shared "Confidential Information" in this matter and protected by the *Protective Order* in this case with Jane Doe 2;

    b. Plaintiffs' Counsel used "Confidential Information" for purposes of filing separate litigation, thus failing to provide by paragraph 6(a) of the *Protective Order*, which

only allows Designated Confidential Information to "be used or disclosed solely for purposes of prosecuting or defending <u>this lawsuit</u>, including any appeals or any other related legal proceeding brought by one or more of the parties to this litigation." (Doc. 35, ¶ 6);

c. Plaintiffs' Counsel violated the requirements of the *Sealed Order* not to use the information other than as necessary for *this* litigation and not to disseminate the information to third parties.

d. Plaintiff and Plaintiffs' Counsel violated FERPA by disclosing the records to a third party.

12. Paragraphs evincing these violations include but are not limited to[3]:

24. The circumstances of T.R.'s enrollment during the 2016-2017 school year are relevant to Plaintiff's Complaint but are currently the subject of Defendants' proposed redactions in a related case described above.

25. Defendants Trujillo, Abeyta-Valerio, and DeHerrera, as well as other school administrators, were aware of the issues raised by the circumstances during the 2016-2017 school year which are the subject of their proposed redactions in a related case, but they declined to take appropriate corrective action.

26. School records dating from the beginning of the September 2016 are relevant to Plaintiff's Complaint but are currently the subject of Defendants' proposed redactions in a related case.

. . .

32. Another special education teacher referenced in Ms. Johnstone's report, Erica Olson, also confided to Ms. Johnstone that they were having ongoing behavioral issues with T.R. and that they reported these behaviors to Defendant Abeyta-Valerio. Ms. Olson further confided to Ms. Johnstone that Defendant Abeyta-Valerio was not addressing her concerns.

. . .

---

[3] The *Complaint in Jane Doe 2* is 249 paragraphs long and contains 167 references to redactions or "redactions in a related case." Accordingly, Defendants here submit examples rather than an exhaustive list of violations of the *Protective Order* in this matter.

42. A document dated February 2, 2017, is relevant to Plaintiff's Complaint but is currently the subject of Defendants' proposed redactions in a related case.

43. A report dated April 27, 2017, and the content of education records subsequent to that date are relevant to Plaintiff's Complaint but are currently the subject of Defendants' proposed redactions in a related case.

. . .

84. Notwithstanding the circumstances which are relevant to Plaintiff's Complaint but are currently the subject of Defendants' proposed redactions in a related case, Defendant TMS's Facilities Director, Mr. Valencia continued coaching the Taos High School wrestling team, thereby allowing a male student on the team to acquire more skills and techniques to use in sexual assaults on female students at the school. Publicly posted photographs of the Taos High School wrestling team that year show coaches and members of the team in aggressive poses such as placing students in headlocks.

85. Under the circumstances and in light of the documentation which are relevant to Plaintiff's Complaint but are currently the subject of Defendants' proposed redactions in a related case, Defendants encouraged and invited T.R. to continue exercising his male privilege to participate in school athletics and other extracurricular activities at the school on his own terms.

## ARGUMENT

I.    <u>Legal Standards</u>

*FERPA*

With certain exceptions, FERPA mandates institutions to ensure that education records are not disclosed to any individual, agency, or organization, on penalty of loss of federal funds. 20 U.S.C. § 1232g(b)(1). Exceptions to this requirement as relevant to this case include that education records may be released to the parents of a dependent student of such parent and when "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." Section 1232g(b)(1)(H) and (b)(2)(B); *see also* 34 C.F.R. § 99.31(a)(9)(ii) ("The educational agency or

institution may disclose information under paragraph (a)(9)(i) of this section only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action.") Education records are defined as "those records, files, documents, and other materials which--

**(i)** contain information directly related to a student; and

**(ii)** are maintained by an educational agency or institution or by a person acting for such agency or institution." Section 1232g(a)(4)(A).

> [W]hile FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure. *Ellis v. Cleveland Municipal School District*, 309 F.Supp.2d 1019, 1023 (N.D. Ohio 2004) (citing *Rios v. Read*, 73 F.R.D. 589, 598 (D.C.N.Y. 1977)). "Given FERPA's underlying privacy concerns, it does, however, place a higher burden on a party seeking access to student records to justify disclosure than with the discovery of other types of records." *Id.* Discovery of otherwise personally identifiable information may be disclosed as long as (1) the parental notification requirements of the regulation are met and, (2) a protective order restricts disclosure of the information to the purposes of the litigation. *C.T. v. Liberal School District, et al.*, 2008 WL 394217, at *4 (D. Kan. Feb. 11, 2008).

*Johnny S. by & through Darlene R. v. Pojoaque Valley Sch. Dist.*, No. CV 13-145 MV/ACT, 2014 WL 12798273, at *5 (D.N.M. Jan. 27, 2014). Finally:

> personal information shall only be transferred to a third party on the condition that such party will not permit any other party to have access to such information without the written consent of the parents of the student. If a third party outside the educational agency or institution permits access to information in violation of paragraph (2)(A), or fails to destroy information in violation of paragraph (1)(F), the educational agency or institution shall be prohibited from permitting access to information from education records to that third party for a period of not less than five years.

Section 1232g(b)(4)(B).

*Violation of a Court Order*

The violation of a court order, including a protective order or confidentiality order, may be addressed by a civil contempt proceeding. *See, e.g., Nichols v. Denver Health & Hosp. Auth.*, No. 19-CV-02818-DDD-KLM, 2021 WL 3287279, at *5 (D. Colo. Aug. 2, 2021); *Home Design Servs., Inc. v. B & B Custom Homes, LLC*, No. 06-cv-00249-WYD-GJR, 2008 WL 927683, *3 (D. Colo. 2008).

> "Civil contempts provide a remedy for a party who has been injured by the violation of a court order." *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 511 (10th Cir.1968)[.]

> Civil contempt has a remedial objective and seeks to compel compliance with a Court's order for the benefit of the complainant. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827–28, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994).

*Id.* *2.

> Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: "(1) to compel or coerce obedience to a court order ...; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance[.]" *Shuffler*, 720 F.2d at 1147 (citing *Shillitani v. United States*, 384 U.S. 364, 370–71, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966) and *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911)); see *United States v. United Mine Workers*, 330 U.S. 258, 303–04, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947); *Ager v. Jane C. Stormont Hosp.*, 622 F.2d 496, 500 (10th Cir.1980). Where the purpose of the sanction is "coercive," the court must consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United Mine Workers*, 330 U.S. at 304, 67 S.Ct. at 701. The Supreme Court has also recently cautioned that a court must exercise "the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 280, 110 S.Ct. 625, 635, 107 L.Ed.2d 644 (1990) (quotation omitted). To be consistent with these principles, coercive civil sanctions may only continue "until terminated by compliance." *Professional Air Traffic Controllers*, 703 F.2d at 445.

> On the other hand, "[i]f a fine is imposed for compensatory purposes, the amount of the fine must be based upon the complainant's actual losses sustained as a result of the contumacy." *Perfect Fit Indus., Inc. v. Acme Quilting Co., Inc.*, 646 F.2d 800, 810 (2d Cir.1981); *see United Mine Workers*, 330 U.S. at 304, 67 S.Ct. at 701; *Allied Materials Corp.*, 620 F.2d 224, 227 (10th Cir.1980). Moreover, "[i]n the absence of evidence showing the amount of the loss, any sum awarded by the

court is speculative and therefore arbitrary." *Allied Materials Corp.*, 620 F.2d at 227.

*O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (1992).

"[C]ompensatory contempt actions are appropriately held before a judge," and all that "is required to satisfy the Due Process Clause is that [the non-movants] be given reasonable notice and an opportunity to be heard." *F.T.C. v. Kuykendall*, 371 F.3d 745, 754–55 (10th Cir. 2004).

> [I]n the civil contempt context, a [movant] must prove liability by clear and convincing evidence. *Reliance Ins. Co v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir.1998). This means the [movant] "has the burden of proving, by clear and convincing evidence, [1] that a valid court order existed, [2] that the [non-movants] had knowledge of the order, and [3] that the defendant[s] disobeyed the order." *Id.*

*Kuykendall*, 371 F.3d at 756–57. Damages must be proven by a preponderance of the evidence. *Id.* at 753.

Protective orders are governed by Federal Rule of Civil Procedure 26(c). This rule allows the court, for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Relief allowed includes, *inter alia*: "Forbidding the disclosure or discovery; [and] . . . Forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" *Id.*

The failure to comply with a court order, including a protective order, is addressed by Federal Rule of Civil Procedure 37(b)(2), which states, in relevant part:

> (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> . . .
>
> (B) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Id.*

II.    <u>Argument</u>

Here, Plaintiff Jane Doe and Plaintiffs' Counsel violated the *Protective Order* in this case by sharing designated confidential information with a non-litigant and by using designated Confidential Information for purposes other than prosecuting this lawsuit. Further, Plaintiffs' Counsel violated the requirements of the *Sealed Order* not to use the information other than as necessary for this litigation and not to disseminate the information to third parties. And they violated FERPA by disclosing the records to a third party.

In *Nichols*, the Court addressed a violation of a Stipulated Protective Order akin to the violation in this case. *Nichols*, 2021 WL 3287279, *2. There, the parties entered a Stipulated Protective Order which set forth a process for designating material as confidential or for attorneys' eyes only. *Id.*, *1. The Plaintiff therein admitted that "she disclosed the above-referenced [three] Attorneys' Eyes-Only documents on April 14, 2021 to attorneys who are not 'Counsel of Record' in this case, as that is defined in the Protective Order." *Id.*, *2. Plaintiff's counsel represented two individuals against the same Defendant and claimed that both matters "'involve similar playbooks' of discrimination." *Id.* Plaintiff further noted she had timely objected to the designation of the

documents as "Attorney's Eyes Only," and she would not agree to a similar Protective Order in the subsequent case. *Id.* The Court rejected Plaintiff's arguments and concluded:

> In this case, the Protective Order [#34] specifically limits public access to the documents Defendant designated as confidential. Plaintiff ignored the confidentiality designation by distributing documents to individuals other than counsel of record in this case. The terms of the Protective Order are plain . . . Plaintiff's disclosure was a violation of the Protective Order.

*Id.*, * 4. The Special Master recommended sanctions including a small fine and that "Plaintiff's counsel should be ordered to pay [Defendant's] fees and costs for preparing the Motion for Sanctions and its reply." *Id.* *5. In a previous Order, the Special Master noted other violations of the Protective Order, where the Plaintiff publicly filed documents designated as confidential. *Nichols v. Denver Health & Hosp.*, No. 19-CV-02818-DDD-KLM, 2020 WL 12697605, at *4 (D. Colo. 2020) (hereafter, *Nichols II*). The Special Master stated:

> Plaintiff apparently assumed that because she could after-the-fact construct an argument for de-designation of confidentiality of some documents, she could safely publicly file confidential documents. The Special Master finds that Plaintiff violated the terms of the Protective Order by publicly filing designated-confidential documents without a court order or written permission to do so, and thereby waived her right to later challenge the propriety of Defendant's confidentiality designations relating to the exhibits publicly filed with her discovery motion.

*Id.*

The Court in this case should sanction Plaintiff and Plaintiffs' Counsel for violating the *Protective Order* (Doc. 35) entered in this case. Here, the violations of the *Protective Order* are plain and shown by clear and convincing evidence from the filing of the Complaint in *Jane Doe 2*. The paragraphs set forth above, including paragraphs 24, 25, 26, 32, 42, and 43, refer to confidential information, including a third-party student's education records and emails or reports about the third-party student directly relating to him and maintained by TMS personnel. If Jane Doe 2 read the Complaint in her case, or portions thereof, or if Plaintiffs' Counsel informed her of

facts designated as "Confidential Information" in this case, Plaintiffs' Counsel violated the *Protective Order*. Further, Plaintiffs' Counsel violated paragraph 6(a) of the *Protective Order* by using information within the Designated Confidential Information to plead allegations in the Complaint in *Jane Doe 2*. Whether Plaintiff in this case has pending objections to the confidentiality designations is immaterial to their disclosure. *See Nichols*, 2021 WL 3287279, at *4; *Nichols II*, 2020 WL 12697605, at *4. Plaintiff and her Counsel also violated the provisions of the *Sealed Order*, which admonished them *three times* that the information should only be used for the purpose of *this* litigation. And, by disseminating the records to a third-party, they violated FERPA, and thus Defendant has a statutory obligation to refrain from providing them additional educational records for five years. 20 U.S.C. § 1232g(b)(4)(B).

Jane Doe 2 is not a party to this case. While, pursuant to the *Protective Order*, as a witness to this case, confidential documents could be used to refresh her memory, here the confidential information was not information ever in her possession, e.g., T.R.'s education documents. Prior to sharing such confidential information with Jane Doe 2, Plaintiff and her Counsel should have moved this Court for a modification of the *Protective Order* to allow the documents to be used for such purpose, thereby affording Defendants an opportunity to oppose the motion or to agree after the parties agreed to reasonable steps and protections, including notifying students or their parents as required by FERPA.

Paragraph 6(a) of the *Protective Order* does not permit the use of the Confidential Information in this case. That paragraph states: "Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding <u>brought by</u> one or more of the parties to this litigation." (Doc. 35, ¶6(a), emphasis added) Although *Jane Doe 2* involves the same Defendants,

it was not "brought by" a party to this litigation, and thus does not permit the use of the Confidential Information in that case.

Defendants have been harmed by the violations of the *Protective Order* in this case, which harm includes but is not limited to their legal fees and costs in seeking relief for the violation of the *Protective Order*, as well as in responding to Doe 2's *Motion to Intervene,* as it also raises the same issues with regard to the violation of the *Protective Order*. Defendants were also induced to enter the *Protective Order* in this case on the representation of Plaintiff and Plaintiffs' Counsel that they would abide by the terms thereof, so as not to jeopardize the federal funding received by TMS. See *Joint Motion for Stipulated Confidentiality Order*, ¶ 2[4]; *see also* FERPA, 20 USC § 1232g(b)(2)(B) (stating: "No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection, unless . . . such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." Defendants have been harmed by the false representations of Plaintiff and her Counsel that they would abide by the terms of the *Protective Order*.

---

[4] This paragraph states: "There is good cause to enter a protective order for these categories of confidential information under Fed. R. Civ. P. 26(c), because this case involves 'education records' as defined in FERPA. The Court has previously entered a Stipulated Order Granting Unopposed Motion for Protective Order and Motion Regarding FERPA Process on May 18, 2021. (Doc. 26.) That order acknowledges and provides a process for notifying current and former Taos Municipal School (TMS) students of the potential disclosure of 'education records' as defined in FERPA. The parties contemplate that the proposed order submitted concurrently with this Joint Motion will function in tandem with the previously entered FERPA order."

Further, in this case it took the modification of the *Protective Order* to require non-disclosure of the law enforcement records in order to obtain the relevant law enforcement records. (See Exhibit A, Email exchange with Stephen Ross, attorney for Town of Taos) The use of the law enforcement records outside of the limited use allowed by the *Protective Order* can hurt the credibility of Defendants with local law enforcement and municipalities and may damage their ability to obtain records in future proceedings.

Non-parties have also been harmed by the use of the Confidential Information. Specifically, in compliance with FERPA, the non-party students or their parents were required to be notified and to have an opportunity to object to the disclosure of their information in the *Jane Doe 2* case. Pursuant to FERPA, the students or the parents or guardians of minor students should have been notified of the use of their records in *Jane Doe 2*'s case and they should have been provided the opportunity to object to the release of their records for that case. 20 U.S.C. § 1232g(b)(2)(B). Plaintiffs' Counsel's shortcut of including using the education records which were identified as Confidential Information to file the Complaint in Jane Doe 2 without first seeking to modify the *Protective Order* in this case and establishing a procedure for protecting the students' rights under FERPA prejudiced these student's privacy rights. Of note, at least one student objected when notified of the disclosure of their records in this case, and all students should be offered the opportunity, under FERPA to address any disclosure of their records.

Defendants submit that the violations of the *Protective Order* in this case are flagrant and abusive. Pursuant to the case law above and Federal Rules of Civil Procedure 26(c) and 37(b), the actions of Plaintiff and Plaintiffs' Counsel warrant sanctions, specifically: all attorneys' fees and costs incurred by Defendants in filing this *Motion* and any related briefing, all fees and costs related to a hearing on this motion, all fees and costs addressing any appeals of such relief as is granted,

and all fees and costs incurred by Defendants in *Jane Doe 2 v. TMS*, 22-cv-00590-KWR-JHR, to address the violation of this Court's *Protective Order*. Further, injunctive relief is appropriate, including but not limited to: Striking the Complaint in *Jane Doe 2*; ordering Plaintiffs' Counsel to stop violating the Court's *Protective Order*; and enjoining Plaintiffs' Counsel from using any information designated as Confidential Information in this case, regardless of any future rulings on the proposed redactions, in the case of *Jane Doe 2*, if the case is allowed to proceed.

**WHEREFORE,** Defendants request this Court to:

A) Find that Plaintiff and Plaintiffs' Counsel violated the *Protective Order* (Doc. 35) and the Orders Amending the Protective Order (Docs. 59, 61);

B) Impose sanctions on Plaintiff and Plaintiffs' Counsel, including awarding Defendants all attorneys' fees and costs incurred by Defendants in filing this *Motion* and any related briefing, all fees and costs related to a hearing on this motion, all fees and costs addressing any appeals of such relief as is granted, and all fees and costs incurred by Defendants in *Jane Doe 2 v. TMS*, 22-cv-00590-KWR-JHR, to address the violation of this Court's *Protective Order*;

C) Striking the Complaint in *Jane Doe 2 v. TMS*, 22-cv-00590-KWR-JHR;

D) Enjoining Plaintiffs' Counsel from using any information designated as Confidential Information on behalf of Jane Doe 2; and

E) Ordering that Defendants not produce any education records to Plaintiff and Plaintiffs' Counsel for the next five years, in accordance with 20 U.S.C. § 1232g(b)(4)(B).

Respectfully submitted:

*German • Burnette & Associates, LLC*

/s/ Lindsay Van Meter
Elizbeth L. German
Lindsay Van Meter
11728 Linn Ave. NE
Albuquerque, NM 87123
(505) 292-9676
beth@germanassociates.com
lindsay@germanassociates.com

*Attorneys for Defendants Taos Municipal Schools, Lillian Torrez, Robert Trujillo, Lisa Abeyta-Valerio and Emy DeHerrera*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 24th day of October, 2022, I filed the foregoing electronically through the CM/ECF system, which caused counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Lindsay Van Meter
Lindsay Van Meter