**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JANE DOE,

      Plaintiff,

v.                                     Case No. 1:20-cv-01041-SCY-JHR

TAOS MUNICIPAL SCHOOLS;
LILLIAN TORREZ, ROBERT TRUJILLO,
LISA ABEYTA-VALERIO, and
EMY DEHERRERA, in their individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Jane Doe alleges that when she was a fourteen-year-old freshman at Taos High School, a senior student, T.R., raped her. She alleges that the school and its employees enabled T.R.'s predatory behavior, protected him from being held accountable, and failed to protect victims from his abuse. Presently before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint, in which she seeks to add additional facts to the claims presented in the operative first amended complaint. Doc. 257. Having reviewed the parties' submissions and the applicable law, the Court finds that Plaintiff's motion is well-taken and will allow Plaintiff to file her Second Amended Complaint ("SAC").[1]

## PROCEDURAL HISTORY

Plaintiff filed her 21-page complaint on October 8, 2020, asserting claims under Section 1983, the Fourteenth Amendment, and the New Mexico Tort Claims Act. Doc. 1. After Defendants answered the complaint, Doc. 19, Magistrate Judge Jerry Ritter, the judge handling

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 21, 22, 23.

discovery matters, entered a scheduling order for discovery, setting the deadline for Plaintiff to move to amend to August 2, 2021, and a discovery end date of January 5, 2022, Doc. 32. Judge Ritter later extended the discovery end date to March 20, 2023. Doc. 174.

Early in the case, Judge Ritter entered a Stipulated Order Granting Unopposed Motion for Protective Order and Motion Regarding FERPA Process ("FERPA order") that established a process by which the parties would notify students of potential disclosure of protected school records. Doc. 26. Judge Ritter also entered a Stipulated Protective and Confidentiality Order ("confidentiality order") regarding the use of confidential information such as education records, protective health information, and school personnel records. Doc. 35. Judge Ritter amended the confidentiality order twice, at the parties' request, to add additional categories of confidential information such as records of proceedings involving a minor, records of juvenile delinquency proceedings, and law enforcement records. Docs. 59, 61.

On June 10, 2022, Plaintiff filed a motion for leave to amend, seeking to file her First Amended Complaint ("FAC"). Doc. 102. In response to the motion to amend, Defendants argued in part that the proposed FAC was futile, as it failed to state a claim. Doc. 120. The Court granted the motion to amend, finding that the futility argument would be best addressed after the parties had the opportunity to fully brief a motion to dismiss. Doc. 186. Thus, on October 21, 2022, Plaintiff filed her 65-page FAC. Doc. 201 (sealed and unredacted); Doc. 202 (unsealed and redacted).

In response to the FAC, Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint for Civil Rights Violations, Negligence, and Other Tortious Conduct and Motion to Dismiss Based on Qualified Immunity. Doc. 232 (unsealed, redacted motion); Doc. 233 (sealed, unredacted motion); *see also* Doc. 247 (response); Doc. 251 (reply); Doc. 272

2

(Plaintiff's notice of supplemental authority); Doc. 273 (Defendants' response to supplemental authority). Defendants assert that Plaintiff's FAC fails to state a claim and that the individual Defendants are entitled to qualified immunity. Given the assertion of qualified immunity, Defendants also filed a motion to stay. Doc. 234. Judge Ritter vacated all pending scheduling order deadlines while the motion to stay is pending. Doc. 255.

Shortly after the parties finished briefing the motion to dismiss, Plaintiff filed the present Motion for Leave to File Second Amended Complaint. Doc. 257; *see also* Doc. 263 (unsealed, redacted response); Doc. 264 (sealed, unredacted response); Doc. 269 (reply); Doc. 272 (Plaintiff's notice of supplemental authority); Doc. 273 (Defendants' response to supplemental authority). Plaintiff also filed a "Sealed Motion to Provisionally File Attached Unredacted Versions of Plaintiff's Proposed Second Amended Complaint Under Seal for the Limited Purposes Described Herein." Doc. 258; *see also* Doc. 262 (response); Doc. 268 (reply).

Also of note, on August 5, 2022, a different Plaintiff, Jane Doe 2, represented by the same counsel, filed a similar lawsuit against the same Defendants alleging that the same perpetrator, T.R. sexually harassed, sexually assaulted, and raped her. *See* Doc. 1 in *Doe v. Taos Municipal Schools*, 22cv580 KWR/JHR. Jane Doe 2 then moved to intervene in the present case for the purposes of clarifying and amending the confidentiality order "to ensure that in her related case, Jane Doe 2 and her counsel may timely access and refer to records and information that parties have designated as 'confidential.'" Doc. 182 at 1. The Court permitted Jane Doe 2 to intervene, but referred the parties' arguments regarding amendments to the confidentiality order to Judge Ritter. Doc. 222. Jane Doe 2 then filed her Intervenor Complaint. Doc. 224. Defendants, for their part, filed a Motion for Injunctive Relief and Sanctions for Plaintiff and Plaintiffs' Counsels' Violation of Stipulated Protective and Confidentiality Order and FERPA. Docs. 207,

210. Defendants argue that Plaintiff and Plaintiff's counsel improperly used and shared confidential information obtained in the present Jane Doe 1 case for the Jane Doe 2 case in violation of this case's confidentiality order.

## LEGAL STANDARD

A plaintiff may amend her complaint once as a matter of course, after which the plaintiff must seek consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.* The motivation underlying this rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). However, a court may deny leave based on reasons such as undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999). The district court's decision is discretionary. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (court of appeals generally reviews "for abuse of discretion a district court's denial of leave to amend a complaint").

If a plaintiff moves for leave to amend after the amendment deadline in the scheduling order has passed, the plaintiff must also show good cause to amend the scheduling order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard for good cause in the Rule 16 context is whether "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (brackets in original, citation omitted). This determination is left to a district court's discretion. *Id.* Courts have found that good cause does

not exist in circumstances of unexplained delay or access to "new" discovery information months before a motion to amend is brought. *See Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 990-91 (10th Cir. 2019); *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1020-21 (10th Cir. 2018).

## ANALYSIS

### 1. Order of Motions

Before turning to the merits of the motion to amend, the Court addresses Defendants' arguments that the Court should decide other pending motions before deciding Plaintiff's motion to amend. Defendants' first argument is that the Court should summarily deny the motion to amend because Plaintiff filed it "despite Defendants' pending Motion to Stay on the Basis of Qualified Immunity." Doc. 263 at 2. Although Defendants are correct that Plaintiff filed her motion to amend after Defendants filed their motion to stay, the Court had not granted Defendants' motion, and so the case was not stayed at the time Plaintiff filed her motion. Accordingly, Plaintiff violated no stay order when she filed her motion to amend.

Second, Defendants argue that, before ruling on the motion to amend, the Court should rule on Defendants' motion for sanctions (Doc. 207). Defendants argue that this sequence is best because, in their motion for sanctions, Defendants request that the Court strike Plaintiff's complaint as a sanction. Granting their requested relief, Defendants argue, would render the present motion moot. Doc. 263 at 3. However, in their motion for sanctions Defendants seek to strike the complaint in the other, Jane Doe 2, case. *See* Doc. 207 at 16; Doc. 239 at 7-8.

Defendants' motion does not also seek to strike the complaint in this case as a sanction. Defendants raise the issue for the first time in reply, where they summarily assert that the Court should strike the *Jane Doe 2* complaint "as well as [] strike Plaintiff's Complaint in this matter."

Doc. 240 at 12. Defendants' one reference in their reply brief to dismissal of the complaint in the present matter is insufficient to place this requested relief at issue. *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief."). As such, even if the requested relief to strike the complaint in the Jane Doe 2 is granted, it will not moot the present motion to amend.

The Court, thus, rejects Defendants' arguments about the timing of the motion to amend and decides the motion to amend and related motion to seal in this Order. Although the pending motion to dismiss the FAC is older, it becomes moot if the Court grants the motion to amend and allows Plaintiff to file the SAC. *See, e.g.*, *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1323–24 (D. Colo. 2019) ("It is well-established that an amended complaint supersedes the original complaint and renders the original complaint of no legal effect. Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot.") (cleaned up). Therefore, the Court finds that judicial economy is best served by deciding the motion to amend first. This Order does not address the remaining parts of the motion to intervene (Doc. 182) or motion for sanctions (Doc. 207).

**2. Merits of Second Motion to Amend**

Judge Ritter issued a scheduling order on June 17, 2021, Doc. 32, setting a deadline for Plaintiff to move to amend the pleadings by August 2, 2021.[2] *Id.* at 2. Plaintiff did not file her motion to amend until January 25, 2023. Doc. 257. Because Plaintiff filed her motion to amend

---

[2] On January 6, 2023, the Court entered an order vacating the case management deadlines, but that order does not apply to Plaintiff's amendment deadline, which expired long before the order. Docs. 174, 255.

well after the deadline contained in the scheduling order, for Plaintiff to obtain leave to amend

she must satisfy the good cause requirement under Rule 16(b)(4) as well as the amendment

requirements in Rule 15(a). *See* Doc. 32 at 2 n.4 (scheduling order, advising the same).

Plaintiff argues that she has good cause to modify the scheduling order and amend her

complaint past the deadline because the proposed SAC adds and corrects factual allegations that

she learned through recent discovery. Doc. 257 at 5. She explains that since filing her motion for

leave to file the FAC (on June 10, 2022, Doc. 102), and since the Court granted leave to file the

FAC (on October 13, 2022, Doc. 186), the parties conducted 25 depositions, as well as written

discovery. Doc. 257 at 2, 9. In her proposed SAC, Plaintiff does not alter her claims from the

FAC, but adds factual details that she asserts she learned through this recent discovery. *Id.* at 2-4.

As to the timing of the present motion to amend, Plaintiff explains that, although the parties

conducted depositions in June through November of 2022, she wanted to avoid successive

motions to amend (as her first motion for leave to amend was pending until October) and

piecemeal amendments while she conducted discovery. *Id.* at 9, 12.

Defendants do not argue that the Court should apply Rule 16(b)(4)'s good cause standard

as a basis to reject Plaintiff's second motion to amend. Doc. 263 at 7 ("Defendants do not bring a

Rule 16 argument that Plaintiff should have filed her Second MTA within the original deadline

for seeking an amendment."). For the reasons Plaintiff has articulated in her motion to file a SAC

and for the reasons the Court articulated in its order granting Plaintiff's motion to file a FAC, the

Court finds Plaintiff has satisfied Rule 16(b)(4)'s good cause standard.

Regarding Rule 15(a)'s undue delay standard, "Defendants recognize that some periods

in this case cannot be considered "undue delay," including the period before Plaintiff filed her

FAC, as well as the period until the close of discovery." Doc. 263 at 7. And "Defendants elect

not to raise issue with the period of delay from the date of Plaintiff's FAC to filing *Plaintiff's Second MTA.*" *Id.* at 7-8.[3] Instead, Defendants make two arguments as to why the Court should deny Plaintiff leave to file the SAC: (1) allowing Plaintiff to file a SAC at this juncture would prejudice them and (2) the claims in the SAC are futile. The Court will address these arguments in turn.

    a.  <u>Prejudice</u>

*Additional discovery burden.* Defendants first argue that fact discovery has closed and that the additional fact discovery Plaintiff's new allegations would necessitate would unduly prejudice them.[4] Doc. 263 at 8. Importantly, however, Defendants are not arguing that the additional factual allegations Plaintiff seeks to add will require *Defendants* to seek additional discovery. To the contrary, Defendants make clear that they object to the re-opening of fact discovery. *Id.* at 8 ("Defendants object to reopening discovery for any of the theories or new facts asserted."); *id.* at 11 (objecting to allowing additional discovery on the basis of new allegations in Plaintiff's complaint).[5] Thus, Defendants' more refined argument is that allowing

---

[3] Given the age of this case, the close of fact discovery, and three complaints having now been filed, it will be difficult for Plaintiff to justify any further motion to amend.

[4] Under the most recent Modified Order Setting Case Management Deadline and Discovery Parameters, responses to written discovery were due by October 7, 2022 and depositions of fact witnesses (other than Rule 30(b)(6) witnesses) were due by October 14, 2022. Doc. 174. And although Judge Ritter vacated certain scheduling order deadlines, such as the deadline for expert discovery, he did not vacate the fact discovery deadlines, which have now expired. Doc. 255.

[5] If this is not correct, Defendants can move to extend the fact discovery deadline for the limited purpose of seeking discovery related to the new allegations. Defendants can also seek cost-shifting for additional fact discovery if it was something Plaintiff should have brought to Defendants' attention earlier. In addition to being equitable, such limited re-opening of discovery and cost-shifting can act to deter a plaintiff who seeks to file complaints after the close of discovery as a strategy to prevent a defendant from obtaining information related to the operative complaint that a defendant rightfully should have been able to obtain during discovery. But, if the new factual allegations in the SAC do not come from information that only Plaintiff knew,

Plaintiff to file a second amended complaint will prejudice them because it will cause *Plaintiff* to seek additional discovery.

Plaintiff, however, has not filed a motion to re-open discovery. And, given the representations Plaintiff made to justify the timing of her motion to file a SAC, it seems unlikely that Plaintiff would file such a motion. Specifically, Plaintiff represented that her "proposed SAC adds further factual details which came into focus through the depositions and additional discovery conducted after she moved for leave to file her First Amended Complaint." Doc. 257 at 3; *see also id.* at 2-4, 9 (explaining that the new factual allegations in the proposed SAC come from recent written discovery and depositions of Defendants and of third-parties). That is, unlike the situation at the beginning of a case where a plaintiff makes allegations based on information and belief, and then conducts discovery in a search for evidence to prove those allegations, the new allegations in Plaintiff's proposed SAC are the product of discovery *already conducted*. Because the new allegations in Plaintiff's proposed SAC are unlikely to lead to additional discovery, the Court rejects Defendants' argument that they would be unfairly prejudiced by the additional discovery they claim would follow the filing of Plaintiff's SAC.

*Expenditure of resources.* Defendants next argue that the Court should not allow Plaintiff to file her proposed SAC because it contains extensive new factual allegations, the response to which would require Defendants to expend extensive resources. Doc. 263 at 8-9 (arguing that in order to address new allegations and theories in SAC, Defendants will have to spend additional time and effort making new disclosures of evidence, possibly engaging additional experts, addressing those theories on summary judgment, and filing motions in limine before trial); *id*. at

---

but from information that was in Defendants' possession or information from third-parties, Defendants likely will have no need for additional discovery either.

12 (arguing allegations in SAC are unnecessarily long and that if it is allowed "the Proposed

SAC will require an excessive amount of detail and burden to answer on behalf of four separate

Defendants, when some may have knowledge of facts relating to some allegations of which other

Defendants do not").

Defendants' arguments about burden necessarily implicate considerations of relevance. If

the additional allegations Plaintiff seeks to add to the operative complaint are relevant to her

causes of action, Defendants' argument that it would be too burdensome to address Plaintiff's

relevant allegations has little merit. First, the presentment of evidence related to relevant factual

allegations tends to illuminate rather than obscure the truth, and so promotes the truth-seeking

function of our judicial system. *See e.g.*, Fed. R. Evid. 402 ("relevant evidence is admissible"

unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other

rules prescribed by the Supreme Court provide otherwise). Therefore, at this stage in the

litigation, the Court would not be inclined to, in an effort to ease Defendants' burden, limit

Plaintiff from pleading relevant facts that would serve this truth-seeking function.

Second, if Plaintiff's allegations are relevant, Plaintiff will likely seek to present evidence

in support of those allegations regardless of whether those allegations are contained in the

operative complaint. And Plaintiff would have a strong argument that, in attempting to prove up

her claims, she should not be limited to the facts she specifically alleged in her complaint. A

complaint must only provide notice, it need not contain every fact a plaintiff might use to support

her claims. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a

short and plain statement of the claim showing that the pleader is entitled to relief."); *Khalik v.*

*United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("[A] complaint must contain enough

allegations of fact, taken as true, to state a claim to relief that is plausible on its face.") (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be sure, such notice, especially where a complaint is filed against a public official who may assert qualified immunity, requires that the plaintiff "must allege sufficient facts that show—when taken as true—the defendant plausibly violated [their] constitutional rights, which were clearly established at the time of violation.'" *Hunt v. Montano*, 39 F.4th 1270, 1278 (10th Cir. 2022) (quoting *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012)).

However, the requirement that a complaint contain enough factual allegations to plausibly state a claim for relief does not mean that *every fact* a plaintiff will seek to use in support of her claim must be included in the operative complaint. *See Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 718 (1st Cir. 2014) ("[A] complaint need not . . . allege every fact necessary to win at trial . . ., and there is no need to set forth a detailed evidentiary proffer in a complaint.") (internal quotation marks and citations omitted). The absence of a specific factual allegation from a complaint does not necessarily render that factual allegation irrelevant or render evidence of that factual allegation inadmissible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring the complaint to only contain enough factual allegations to make a claim plausible on its face). Conversely, including a factual allegation in a complaint does not guarantee that a court will find that allegation to be relevant, or evidence of that allegation to be admissible.

In deciding what evidence or facts are relevant, case law and the Federal Rules of Evidence will guide the Court much more than what alleged facts Plaintiff chose to include in her complaint. If Plaintiff has relevant evidence related to her causes of action, Defendants will undoubtedly explore whether a basis exists to seek to exclude such evidence under the Federal Rules of Evidence and, if no basis for exclusion exists, Defendants will likely invest resources

toward obtaining rebuttal evidence. That is, if Plaintiff's new allegations are relevant, Defendants must invariably do the very thing they claim is unfairly prejudicial: investigate these allegations and analyze whether the evidence Plaintiff offers in support of these allegations is admissible. If Defendants are going to have to deal with Plaintiff's new relevant factual allegation regardless of whether those factual allegations are part of the operative complaint, they cannot convincingly argue that, to save them from the burden of dealing with those new relevant factual allegations, the Court should not allow Plaintiff to file her proposed SAC.

This conclusion implicates the question of whether the Court should, in deciding Plaintiff's motion to amend, also decide whether the new allegations Plaintiff seeks to bring are relevant. But that question bears more on Defendants' futility argument than on their undue prejudice argument, and so the Court discusses that question below in conjunction with Defendants' futility argument.

*Unduly lengthy.* Maintaining its focus, for the time being, on Defendants' undue prejudice arguments, the Court next turns to Defendants' argument that "Plaintiff's revisions, in addition to failing to add substance supporting her claims, are unnecessarily lengthy, creating an undue burden and prejudice on Defendants." Doc. 263 at 12. The Court agrees that the proposed SAC is extremely long, coming in at 89 pages and 301 paragraphs. Doc. 258-1. But it is overall well-organized, grouping together related factual allegations under subheadings and bringing three clear causes of action. *Id.* That is, Plaintiff has not "made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (internal quotation marks and citation omitted). Indeed, the SAC explains "what each defendant did to [] her; when the defendant did it; how the defendant's action harmed [] her; and, what specific legal right the plaintiff believes the

defendant violated." *Lowrey v. Sandoval Cnty. Child. Youth & Fams. Dep't*, No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023). And, while the factual allegations span the majority of the 89 pages, the legal claims themselves are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see* Doc. 258-1 at 73-88 (proposed SAC). Thus, Plaintiff's proposed SAC is not "unnecessarily prolix, disorganized, and confusing." *Valencia v. Bd. of Regents*, No. CV 17-00509 RB/SCY, 2017 WL 4325766, at *3 (D.N.M. Sept. 26, 2017).

Further, the causes of actions Plaintiff brings justify a longer-than-typical complaint. This is not a simple slip and fall case where a plaintiff can meet her burden of alleging enough facts to state a plausible claim in a handful of paragraphs. Instead, for example, Defendants argue that to establish her danger creation theory, Plaintiff must show that

> (1) the charged state actors created the danger or increased the plaintiff's vulnerability to the danger in some way; (2) the plaintiff was a member of a limited and specifically definable group; (3) the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious and known; (5) the defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, shocks the conscience.

Doc. 265 at 5 (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1182-83 (10th Cir. 2002)). Further, Defendants argue that "[t]o establish a school district's 'liability for sexual harassment under the Fourteenth Amendment, a plaintiff must demonstrate that a state employee's discriminatory actions are representative of an official policy or custom of the municipal institution, or are taken by an official with final policy making authority.'" *Id.* at 6 (citing *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1249 (10th Cir. 1999)). In other words, the complicated nature of Plaintiff's claims justifies a longer-than-average complaint.

Moreover, a plaintiff is the master of her own complaint. As long as her complaint states her "claims intelligibly so as to inform the defendants of the legal claims being asserted," *Mann*,

477 F.3d at 1148, she may bring claims, and support those claims with factual allegations, in the way she sees fit. *See Pirotte v. HCP Prairie Vill. KS OPCO LLC*, 580 F. Supp. 3d 1012, 1025 (D. Kan. 2022) ("[P]laintiff is the master of his Complaint . . . and reshaping his allegations so they suit defendants' arguments ignores that governing principle."). Thus, the Court rejects Defendants' argument that the length of Plaintiff's complaint unduly prejudices them.

*Moving target.* Defendants further argue that Plaintiff's "new facts and theories have made her claims a moving target, prejudicing Defendants in preparing a defense." Doc. 263 at 11. Defendants explain that Plaintiff's serial amendment strategy—i.e., moving to file the SAC right after the parties finished briefing the motion to dismiss on the FAC, but before the Court had an opportunity to rule on it—has required undue work and preparation by Defendants. *Id.* at 13. The Court is sympathetic to this argument. Defendants have expended considerable time and resources, twice preparing a motion to dismiss based on the operative complaint at the time, only to have Plaintiff move to change the operative complaint and moot Defendants' motion to dismiss. However, because Defendants have already addressed, albeit in separate motions, whether the allegations in the FAC and in the SAC state a claim, combining these arguments into one motion should require significantly fewer resources than creating a third motion to dismiss from whole cloth.

The extent to which Plaintiff's proposed SAC moves the target is also limited because, although the proposed SAC contains new facts, it does not contain new causes of action. If Defendants are correct that these new factual allegations are irrelevant, these allegations will have little impact on Defendants' motion to dismiss, as facts irrelevant to Plaintiff's claims will provide no support for those claims.

If, on the other hand, Plaintiff's new allegations are relevant, as noted above, Defendants will have to contend with those allegations regardless of whether they are contained in the operative complaint. Thus, if Plaintiff's new allegation are relevant, the proposed second amended complaint illuminates, rather than moves, the target. If nothing else, Plaintiff's proposed SAC serves to provide Defendants an outline of the facts Plaintiff intends to elicit at trial to prove her case.

*Timing of motion for SAC.* Defendants' final undue prejudice argument is that the "undue prejudice in this case is compounded by the fact that, when the Court ruled on Plaintiff's first Motion to Amend, discovery was nearly closed, and most of the depositions from which Plaintiff has added new allegations were taken, making Plaintiff aware of her basis for filing a Second Amended Complaint." Doc. 263 at 13. At least some of this argument, however, is better directed at the timing of the Court's order allowing the FAC than at the timing of Plaintiff's motion seeking permission to file the FAC. The Court issued its order allowing the FAC on October 13, 2022, which was approximately one week after the written discovery deadline, the day before the deadline for non-Rule 30(b)(6) witness depositions, and approximately one week before the deadline for Rule 30(b)(6) witness depositions.[6] *See* Docs. 174, 186. Plaintiff, however, filed her proposed FAC on June 10, 2022, months before the close of fact discovery. Nonetheless, it appears to be true that by the end of October, 2022 Plaintiff had the new information she asserts prompted her to move to file the SAC, which motion she did not file until

---

[6] The scheduling order deadline for fact witness depositions, however, made an exception for Plaintiff's forensic expert to be deposed in November 2022. Doc. 174 at 1 n.3.

January 25, 2023.[7] For the reasons above, however, the Court does not find that this approximately three month delay unduly prejudiced Defendants.

    b.  <u>Futility</u>

Defendants argue that the Court should deny Plaintiff's motion to amend because the proposed amendment would be futile. Doc. 263 at 13. In doing so, Defendants point to their currently pending motion to dismiss the FAC, explaining that those arguments remain valid "as to a significant portion of Plaintiff's Proposed SAC." *Id.* at 14. Defendants then focus their futility arguments on the new facts in the SAC, and assert that these new facts do not save Plaintiff's claims because, among other things, these new facts are irrelevant to those claims. *Id.* at 15-24.

As an initial matter, the Court notes that, when it comes to the relevancy of allegations in a complaint, the court's role as a gate keeper is limited. At the inception of a case, the Court does not stand guard to ensure that a plaintiff include only allegations in her complaint that are relevant and admissible. Later in the proceedings, however, when a plaintiff moves to file an amended complaint, a court can consider whether a plaintiff's proposed amendments would be futile because, even considering those amendments, the plaintiff has failed to state a claim.

Plaintiff's SAC contains no new claims. Rule 12(b)(6) is designed to address whether claims should be stricken from a complaint, not whether irrelevant factual allegations should be stricken. *Compare* Fed. R. Civ. P. 12(b)(6) (listing the defense as "failure to state a claim upon which relief can be granted") *with* Fed. R. Civ. P. 12(f) (allowing the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter"). Thus, Defendants'

---

[7] Plaintiff explains that she planned to move for leave to file the SAC by December 22, 2022, but personal matters prevented Plaintiff's counsel from doing so until January 25, 2023. Doc. 257 at 25-27.

futility arguments directed at the SAC can only succeed if, as Defendants suggest, the Court incorporates arguments from their motion to dismiss the FAC into its analysis of whether proposed amendments to the SAC are futile.

What Defendants propose then, is a two-step process. First, the Court would consider arguments in Defendants' motion to dismiss the FAC. If the Court agrees with Defendants that Plaintiff's FAC fails to state a claim as to any cause of action, the Court would then turn to Plaintiff's proposed SAC to determine whether the additional allegations contained in the SAC are sufficient to save Plaintiff's claim. The Court, however, declines to address Plaintiff's FAC and SAC in such a piecemeal fashion—i.e., first addressing the claims and facts in the FAC by considering the motion to dismiss and then addressing the new facts in the SAC by considering the futility arguments in Defendants' response to the motion to amend.

The Court understands that, because Plaintiff did not file her motion to file a SAC until after Defendants filed their motion to dismiss, Defendants, through no fault of their own, could not have responded to Plaintiff's new allegations in one package. The Court further understands that requiring Defendants to combine their arguments into one motion (if they intend to pursue a motion to dismiss) requires an additional expenditure of defense resources. But neither the pre-SAC facts nor post-SAC facts can be viewed in isolation. This additional expenditure of resources, then, is necessary to maintain a clean record and to allow the parties to address together issues that should be considered together. *See Hogan v. Pilgrim's Pride Corp.*, _ F.4th _, 2023 WL 4508545, at *8 (10th Cir. July 13, 2023) (noting that once the court allows the SAC, "[t]he sufficiency of the FAC is therefore irrelevant and nothing would be resolved by our opining on the sufficiency of that pleading"). Therefore, the Court will allow Plaintiff to file the SAC and allow Defendants to file a subsequent motion to dismiss.

17

Regarding the SAC, such a procedure will also allow the parties to fully brief complex Rule 12(b)(6) issues, including issues of qualified immunity, instead of truncating the briefing into briefs dedicated to a motion to amend. "The Court would prefer to address the merit issues [Defendants] raise in their Response after the benefit of full briefing from both sides, rather than after the somewhat truncated arguments with respect to futility." *Vigil v. Tweed*, Civ. No. 18-829, 2019 WL 4542777, at *4 (D.N.M. Sept. 19, 2019) (Yarbrough, J.).

Also, to be clear, in allowing Plaintiff to file her proposed SAC, the Court is not addressing the relevancy of Plaintiff's new allegations. Instead, the Court is simply deferring making a ruling until Defendants can present all their arguments in support of such a motion in one package and Plaintiff can present her response to these arguments in one package.

### 3.   Defendant Emy DeHerrera

Plaintiff's operative FAC brings claims against Taos Municipal Schools and individual defendants Lillian Torrez, Robert Trujillo, Lisa Abeyta-Valerio, and Emy DeHerrera. Doc. 201. The proposed SAC drops Emy DeHerrera as a defendant. Doc. 258-1. While Defendants do not oppose dismissal of Emy DeHerrera, they request her dismissal with prejudice. Doc. 263 at 1-2. Plaintiff, for her part, refused to sign a stipulation of dismissal with prejudice, Doc. 263-1, and instead argues that amending the complaint (and removing Defendant DeHerrera) is the proper procedure to dismiss DeHerrera. Because the Court is granting Plaintiff's request to file her SAC, this issue is necessarily resolved as the SAC does not include claims against DeHerrera.[8]

---

[8] Because the Court makes no ruling on the merits of the claims against Defendant DeHerrera, her dismissal is without prejudice. As Plaintiff notes, however, this dismissal is likely nearly equivalent to dismissing the claims against her with prejudice. Doc. 257 at 17 ("Plaintiff is attempting to make the litigation more efficient and less time-consuming for all concerned by seeking leave to effectively dismiss her claims against Defendant DeHerrera with prejudice at this juncture."). Indeed, Plaintiff would face a steep uphill battle if she sought to amend at a later time to bring back claims against DeHerrera. Plaintiff concedes that discovery revealed "Ms.

### 4. Motion to Dismiss FAC and Motion to Stay

Because the Court grants Plaintiff's motion to amend and will allow Plaintiff to file her SAC, the Court denies as moot the motion to dismiss directed at the FAC (Doc. 232). *See, e.g.*, *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1323-24 (D. Colo. 2019) ("It is well-established that an amended complaint supersedes the original complaint and renders the original complaint of no legal effect. Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot.") (cleaned up).

Relatedly, the Court denies as moot Defendants' motion to stay (Doc. 234), which seeks to stay the case while the motion to dismiss, based in part on qualified immunity, is pending. After Plaintiff files her SAC, Defendants are free to file a motion to dismiss directed at the SAC, along with a motion to stay, as they see fit. However, in an effort to mitigate the burdens of litigation on individual Defendants who have raised qualified immunity (in a motion now denied as moot) and who will likely soon raise it again, the Court will not set new case management deadlines until after Defendants have file their responsive pleading to the SAC. *See* Doc. 255 (vacating case management deadlines while the now-moot motion to stay is pending).

### 5. Motion to Seal

At the same time as filing her motion to amend, Plaintiff filed a "Sealed Motion to Provisionally File Attached Unredacted Versions of Plaintiff's Proposed Second Amended Complaint Under Seal for the Limited Purposes Described Herein." Doc. 258; *see also* Doc. 262 (response); Doc. 268 (reply). In that motion, Plaintiff moves for leave to provisionally file her

---

DeHerrera did not have a supervisory position as a school administrator during the time period when Plaintiff and T.R. Attended Taos High School." Doc. 257 at 17. Further, Plaintiff's deadline to add parties has long passed.

proposed unredacted SAC under seal for the purposes of briefing the motion to amend and she

attaches sealed versions of her proposed SAC. Docs. 258-1, 258-2. Plaintiff also requests that,

should the Court grant her motion to amend, it rule on what redactions the SAC must contain.

Defendants oppose the motion to seal for two reasons. First, they argue that the Court

should summarily deny the motion to seal because Plaintiff filed it while the motion to stay

based on qualified immunity was still pending. Doc. 262 at 8. However, as discussed above, at

the time Plaintiff filed her motion to seal (and motion to amend), the Court had not yet ruled on

Defendants' motion to stay, so Plaintiff's motions did not violate a stay. To the extent

Defendants argue that the mere filing of a motion to stay automatically (before it is granted)

stays the case such that Plaintiff cannot file further motions, the Court rejects this argument.

Additionally, Defendants' request to summarily deny the motion to seal does not appear

to relate to the motion to seal itself. That is, Defendants' complaint appears to be that Plaintiff

filed her second motion to amend (and related motion to seal) while their motion to dismiss and

motion to stay were still pending. *See* Doc. 262 at 7-8. Plaintiff responds that, by filing her

motion for leave to file the proposed SAC before waiting for a ruling on the motion to dismiss

the FAC, she is essentially seeking to skip the step of receiving a ruling on the motion to dismiss

and then moving to amend to fix any deficiencies from the FAC. See Doc. 257 at 13-14. Whether

this is a proper process, however, has nothing to do with whether Plaintiff should be allowed to

file her proposed SAC under seal. The Court therefore denies Defendants' request to summarily

deny the motion to seal while the motion to stay is pending.

Second, Defendants argue that Plaintiff did not properly follow the provisions of the

confidentiality order when moving to seal. Doc. 262 at 9. Specifically, Defendants allege that

Plaintiff failed to follow paragraph 8 of the confidentiality order. That provision lays out the

proper process by which any party can challenge another party's designation of confidential material. *See* Doc. 35 at 6-7 (confidentiality order). Defendants argue that Plaintiff failed to follow the paragraph 8 procedures for objecting to confidential designations before moving to seal. Doc. 262 at 9-10. Paragraph 8, however, does not appear relevant to the present motion to seal. Whether a party challenges a confidential designation (or fails to challenge a confidential designation) does not dictate whether such information can be filed under seal. *See* Doc. 35 at 6 ¶ 7 ("The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets.").

Instead, paragraph 7 of the confidentiality order governs the procedure for filing confidential information. *Id.* at 5-6. Under that paragraph, if a party seeks to file a document that contains information marked as confidential, the party should seek leave to file the document under seal by filing a motion. *Id.* at 5-6. Plaintiff did just that. Defendants, as the party who designated the information as confidential, then had 14 days to file a declaration identifying the confidential information and stating whether the designated material is sealable. Defendants, however, failed to do so. Indeed, in their response to the motion to seal they fail to address what information should be filed under seal and why, instead arguing that the Court should deny the motion to seal in its entirety. Because Plaintiff followed the procedure set forth in the confidentiality order, the Court rejects Defendants' argument.

The Court agrees that Plaintiff's proposed unredacted SAC (Docs. 258-1, 258-2) is properly filed under seal according to the confidentiality order. Accordingly, the Court grants Plaintiff's motion to seal and those documents may remain under seal.

As to what portions (if any) of the SAC should be sealed once filed, Plaintiff proposes "no additional redactions to her proposed Second Amended Complaint other than the existing language redacted from the public version of her First Amended Complaint (Doc. 202)." Doc. 258 at 3. Defendants do not respond to this proposal and do not state what portions they believe should be redacted. The Court, however, will give Defendants one further opportunity to address this issue. In accordance with the confidentiality order, Defendants shall have 14 days from the date of this Order to file a declaration identifying and explaining their proposed redactions to the SAC. Plaintiff shall have 14 days to file a response to that declaration, if she chooses, identifying disagreements with Defendants' proposed redactions. Thereafter, the Court will issue an order regarding redactions and setting a deadline for Plaintiff to file her SAC on the docket as the operative complaint.

## CONCLUSION

In sum, the Court finds good cause to allow Plaintiff to file the SAC. Further, the Court finds that Defendants will not be unduly prejudiced by the SAC and motion to dismiss arguments are better addressed in full briefing after Plaintiff files the SAC. According, the Court rules as follows:

- Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 257) is GRANTED;

- Plaintiff's Sealed Motion to Provisionally File Attached Unredacted Versions of Plaintiff's Proposed Second Amended Complaint Under Seal for the Limited Purposes Described Herein (Doc. 258) is GRANTED;

- Defendants Taos Municipal Schools, Lilian Torrez, Robert Trujillo, Lisa Abeya-Valerio, and Emy DeHerrera's Motion to Dismiss Plaintiff's First Amended Complaint for Civil

Rights Violations, Negligence, and Other Tortious Conduct and Motion to Dismiss Based on Qualified Immunity (Docs. 232, 233) is DENIED AS MOOT; and

- Defendants' Motion to Stay on the Basis of Qualified Immunity (Doc. 234) is DENIED AS MOOT.

Within 14 days of the entry of this Order, Defendants may file a declaration identifying and explaining their proposed redactions to the Second Amended Complaint. Plaintiff shall have 14 days to file a response to that declaration, if she chooses, identifying disagreements with Defendants' proposed redactions. Thereafter, the Court will issue an order regarding redactions and setting a deadline for Plaintiff to file her Second Amended Complaint on the docket as the operative complaint.

UNITED STATES MAGISTRATE JUDGE