IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

    Plaintiff,

v.                                                                                       Case No. 1:20-cv-01041-SCY-JHR

TAOS MUNICIPAL SCHOOLS;
LILLIAN TORREZ, ROBERT TRUJILLO,
LISA ABEYTA-VALERIO, and
EMY DEHERRERA, in their individual capacities,

    Defendants.

## ORDER REGARDING SEALING THE SECOND AMENDED COMPLAINT

This matter comes before the Court following its Memorandum Opinion and Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint. Doc. 278. In that Order, the Court granted Plaintiff leave to file her Second Amended Complaint ("SAC"). At the same time as moving to amend, Plaintiff also moved to seal her SAC, proposing "no additional redactions to her proposed Second Amended Complaint other than the existing language redacted from the public version of her First Amended Complaint." Doc. 258 at 3. Defendants did not respond to this request or state what, if any, portions of the SAC they believe should be sealed. Accordingly, in its order granting leave to file the SAC, the Court gave Defendants an opportunity, in line with the Confidentiality Order (Doc. 35), to file a declaration identifying and explaining their proposed redactions to the SAC. Doc. 278 at 22. Defendants have now done so, Docs. 280 & 288,[1] and Plaintiff has filed a response identifying disagreement with Defendants'

---

[1] In a prior order, the Court allowed Defendants to file an amended declaration which includes verification language (Doc. 288), in place of the original unsealed and redacted declaration (Doc. 281), and deemed the original, sealed and unredacted declaration (Doc. 280) to include, by interlineation, the verification language. Doc. 287.

proposed redactions, Doc. 283. The Court agrees with Defendants' proposed redactions of personnel information. Otherwise, the Court agrees with Plaintiff that only the redactions included in the First Amended Complaint should be included in the Second Amended Complaint.[2]

## ANALYSIS

When analyzing a motion to seal, a court begins with a "strong presumption in favor of public access" which can "be overcome where countervailing interests heavily outweigh the public interests in access to the judicial record." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (internal quotation marks and citation omitted). The party seeking to seal "bears the burden of showing some significant interest that outweighs the presumption." *U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted). "Parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Instead, the court's decision is "necessarily fact-bound," to be made "in light of the relevant facts and circumstances of the particular case." *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Although courts have discretion in this matter, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978), the party seeking to seal bears a "heavy burden," *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011).

The parties previously briefed what information to seal in Plaintiff's First Amended Complaint ("FAC") and the Court ordered that only references to T.R.'s juvenile delinquency proceedings should be redacted. Doc. 186 at 13; *see also* Doc. 202 (redacted FAC). Regarding

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 21, 22, 23.

the current SAC, Plaintiff proposes no additional redactions other than the same redactions in her FAC. Doc. 258 at 3. Defendants, however, propose to redact a great deal more information, including long, multiple-paragraph swaths of the SAC that include already-publicly-filed content. *See* Doc. 280-1 (Defendants' proposed redactions to the SAC). Removing such significant portions of the complaint would hamper public access to this case. Therefore, the Court must determine if Defendants have met their burden to justify such sealing. The Court will address in turn the different categories of information Defendants seek to seal.

      1. <u>FERPA Information.</u> First, Defendants propose redacting from the SAC information gained from education records of students other than Plaintiff or Jane Doe 2—e.g., of T.R.— asserting that such records should be sealed according to the Family Education Rights and Privacy Act ("FERPA"). Doc. 288 at 9-10. FERPA mandates that educational institutions not release education records or personally identifiable information without the written consent of a parent (or that institution shall lose federal funds). 20 U.S.C. § 1232g(b)(1). Educational institutions, however, may release personally identifiable information in education records "in compliance with [a] judicial order" on the condition that the students' parents give written consent, *id.* § 1232g(b)(2)(A), or the "parents and students are notified of all such orders and subpoenas." *Id.* § 1232g(b)(2)(B); *see also* 34 C.F.R. §§ 99.33(b)(1), 99.31(a)(9)(ii). In line with these requirements, Judge Ritter issued (1) an order regarding the FERPA process and notice requirements to be followed in this case, Doc. 26, and (2) a sealed order regarding disclosure of specific records following the notice period, Doc. 90.[3]

---

[3] Defendants argue that the order regarding student records requires certain FERPA information to be sealed. Doc. 288 at 15-16. That order actually states that certain information is discoverable but only for the purposes of this litigation and subject to a protective order. Doc. 90 at 7, 9. The protective and confidentiality order, in turn, provides that "[t]he mere designation of information

3

FERPA also mandates that personally identifiable information in educational records can be disclosed to a third-party only on the condition that the third-party "will not permit any other party to have access to such information without the written consent of the parents of the student." 20 U.S.C. § 1232g(b)(4)(B); *see also* 34 C.F.R. § 99.33(a)(1) and (b)(2). Thus, Defendants argue that redisclosure of information about T.R. that Plaintiff obtained in the education records, by way of including it in the SAC, is prohibited unless further notice and opportunity to object is allowed. Doc. 288 at 18.

Defendants' argument rests on an assumption that the Court does not accept: that including information gathered from the education records in the SAC would be redisclosure of that information such that further notice is required. Defendants provide no authority to support such a definition of redisclosure. And contrary to Defendants' assumption, the regulations provide that "officers, employees, and agents of a party that receives information . . . may use that information, but only for the purposes for which the disclosure was made." 34 C.F.R. § 99.33(a)(2). Here, disclosure was made for the purposes of this lawsuit. In the order regarding FERPA notice, Judge Ritter instructed the parties to send notice to students that certain educational records would be disclosed for the purposes of this lawsuit. Doc. 26 at 2 ¶ 5. Later, in his order regarding disclosure of records, Judge Ritter advised that "any party to whom records are released should receive them on the condition that further disclosure to third-parties is prohibited *except to the extent necessary to prosecute the case*." Doc. 90 at 4 (emphasis added). Plaintiff's use of the challenged information for the purposes of this lawsuit—e.g., to support allegations in a complaint—is the exact reason for which disclosure was made and which

---

as confidential . . . is insufficient to satisfy the court's requirement for filing under seal in light of the public's qualified right of access to court dockets." Doc. 35 at 6.

4

the students were notified according to FERPA requirements. Thus, the Court finds that the rediscosure requirements do not apply to the same information included in the SAC.

The cases Defendants cite in support of their argument that FERPA requires their proposed redactions do not compel an opposite conclusion. First, Defendants cite *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022), for the proposition that, through FERPA, Congress has expressed the importance of keeping educational records confidential. Doc. 288 at 13. Although the Court agrees with this general statement, it does not further Defendants' specific argument that certain information should be redacted from the SAC because of FERPA. In *MIT*, the First Circuit considered the important confidentiality protections in FERPA (and in Title IX) and remanded to the district court to determine whether those protections outweigh the public's interest in transparency such that a plaintiff should be able to use a pseudonym. 46 F.4th at 76-77. But here, Plaintiff is already using a pseudonym for T.R. and Defendants do not explain how the use of a pseudonym impacts their argument regarding redisclosure. Next, Defendants cite two cases that address what records fall under FERPA's definition of education records: *Owasso Indep. Sch. Dist. No. I-011 v. Falvo*, 534 U.S. 426 (2002), and *United States v. Miami Univ.*, 294 F.3d 797 (6th Cir. 2002). Doc. 288 at 14-15. But again, these cases do not advance Defendants' argument because what information is considered education records is not presently at issue.

As Defendants acknowledge, in deciding whether to seal the information presently at issue, the Court must balance "protecting the Congressionally recognized student privacy interest in education records and personally identifiable information against the presumption of open judicial proceedings . . ." Doc. 281 at 19; *see also Jennings v. Univ. of N. Carolina at Chapel Hill*, 340 F. Supp. 2d 679, 682 (M.D.N.C. 2004) ("Federal legislation like FERPA may be

5

relevant to a court's determination of whether there is a compelling governmental interest [to seal documents], but alone it is not prima facie evidence of a compelling interest."); *Doe #1 by & through Lee v. Sevier Cnty., Tennessee*, No. 3:17-CV-41, 2017 WL 1048378, at *3 (E.D. Tenn. Mar. 15, 2017) ("Although the Court recognizes that under the FERPA 'Congress holds student privacy interests in . . . high regard,' Defendants, in the context of their Motion to Seal the Hearing, still have to meet a particular and substantial burden to overcome the public right to access." (quoting *United States v. Miami Univ.*, 294 F.3d 797, 807 (6th Cir. 2002))). Here, virtually all of the FERPA information Defendants seek to redact is currently unredacted in the operative FAC.[4] Given this, and given that the Court rejects Defendants' argument that including the information in the SAC is redisclosure, the Court finds that Defendants have not shown a countervailing interest that outweighs the public interest in access to the judicial record regarding information from educational records.

2. Employee Personnel Records. Next, Defendants propose redacting information taken from personnel records of TMS employees. Doc. 288 at 11 (proposing reductions to Doc. 280-1 ¶¶ 223b, 223c, 223e, 223f). Defendants assert that certain personnel information is exempt from disclosure under New Mexico's Inspection of Public Records Act ("IPRA"). Defendants do not, however, cite to any portion of IPRA they claim protects this information.[5] *Id.* at 11, 23. Nonetheless, IPRA aside, the Court agrees that those paragraphs describe disciplinary records of

---

[4] Defendants argue that when addressing proposed redactions to the FAC, they did not have a chance to submit briefs or arguments explaining why redactions were appropriate. Doc. 288 at 6. This is not accurate as both parties submitted declarations, in line with the provisions of the confidentiality order, identifying why certain information should be sealed. *See* Docs. 114-2, 125-2.

[5] Because the issue is not briefed, the Court does not engage in any analysis about what IPRA allows or does not allow and the Court's order is not intended to preclude application of IPRA.

non-party school employees. And even though Plaintiff uses pseudonyms for those employees, those in the community familiar with Taos High School likely would be able to divine from the context of the paragraphs the identity of the individuals described. These non-party individuals presumably are unaware that their personnel information is contained in the SAC and so presumably have not had an opportunity to challenge the release of such information. And, because this information does not directly relate to T.R., the public's interest in disclosure of this information as part of this case is somewhat diminished. On the other side of the scale, Defendants propose to only redact select and limited portions of the paragraphs such that, as Defendants correctly argue, Plaintiff is still able to convey her theory that complaints about TMS personnel were not sufficiently addressed. As such, the Court adopts Defendants' proposed redactions as to paragraphs 223b, 223c, 223e, 223f.[6]

      3. Judicial Proceedings. Lastly, Defendants propose redacting information gathered from judicial proceedings including "records of proceedings for an Order of Protection under New Mexico law; records of domestic relations, name change, parentage, adoption, or abuse/neglect proceedings involving minor children, and law enforcement records which have been designated as confidential." Doc. 288 at 10. As a starting point, Plaintiff does not oppose redactions related to juvenile delinquency proceedings that the Court previously approved in connection with the FAC. *See* Doc. 186 at 13. Because the parties do not dispute such redactions, and because the Court agrees that juvenile delinquency information should stay confidential, the Court adopts

---

[6] Although the Court seals this information on the docket, it authorizes either party to alert persons described in the paragraphs about the information that pertains to them. Further, as the case progresses, particularly if the case progresses to trial, the Court will need to reevaluate whether such information should remain under seal.

Defendants' proposed redactions as to paragraphs 106, 154, 155, 156 (first sentence only),[7] 163, 164, 167, 168, 171, 172, 173, 180.

As to the remining proposed redactions of judicial proceedings (paragraphs 23, 87, 101, 153), the information contained in those paragraphs already appears in the FAC where, regardless of whether it is redacted in the SAC, it has been, and remains, publicly accessible. *Compare* Doc. 280-1, *with* Doc. 201. Defendants argue that this "damage can be minimized by now allowing the redaction of the same information from Plaintiff's FAC, on the docket." Doc. 281 at 23. What information should be redacted from the FAC, however, has already been litigated and decided. *See* Doc. 186 at 12-14 (Order granting leave to file the FAC and addressing the parties' arguments as to what information should be redacted). Defendants' suggestion thus amounts to a request for the Court to reconsider its earlier ruling. Defendants do not, however, provide any legal analysis associated with this de facto request for reconsideration. Additionally, although sealing the FAC at this date would prevent further dissemination from the Court's docket of the challenged information, it would not prevent any non-parties who previously downloaded the FAC from further disseminating this information, which has been publicly available for more than a year. Weighing the benefit of, and interest in, now sealing information that has already been publicly available for the last year against the strong presumption in favor of public access, the latter interest weighs most heavily on the balance.

Finally, and relatedly, Defendants propose redacting references to a rape charge in paragraphs 176 and 177, but they do not propose redacting references to an article about that same rape charge in paragraph 175. *See* Doc. 280-1 at 51. Any benefit to be gained by redacting

---

[7] Defendants propose redacting other portions of paragraph 156 which the Court rejects because the same information is currently not redacted in the FAC. *Compare* Doc. 280-1 ¶ 156, *with* Doc. 202 ¶ 125.

the allegations from paragraphs 176 and 177 is reduced by the fact that the allegations are otherwise publicly available and will remain publicly available. The slight benefit to be gained through such redaction is outweighed by the strong presumption in favor of public access.

For the above reasons, the Court declines to adopt Defendants' proposed redactions as to paragraphs 23, 87, 101, 153, 176, and 177.

## CONCLUSION

The Court grants in part and denies in part Defendants Taos Municipal Schools, Lillian Torrez, Robert Trujillo, Lisa Abeyta-Valerio and Emy DeHerrera's Declaration and Brief Addressing Portions of Plaintiff's Second Amended Complaint Which Should be Sealed. Docs. 280, 288. Within **7 days** of the entry of this Order, Plaintiff shall file her Second Amended Complaint on the docket. She shall file an unredacted version of the complaint under seal, as well as a redacted version, open to the public, with the redactions proposed by Defendants (Doc. 280-1) to paragraphs 106, 154, 155, 156 (first sentence only), 163, 164, 167, 168, 171, 172, 173, 180, 223b, 223c, 223e, and 223f.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE