IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE 1,

    Plaintiff,

*And*

JANE DOE 2,

    Intervenor-Plaintiff,

v.                                                                          No. 1:20-cv-01041-SCY-JHR

TAOS MUNICIPAL SCHOOLS; LILLIAN
TORREZ, ROBERT TRUJILLO, *and* LISA
ABEYTA-VALERIO,
*in their individual capacities*,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING STAY BASED ON QUALIFIED IMMUNITY

THIS MATTER comes before the Court on Defendants' Motion to Stay on the Basis of Qualified Immunity, [Doc. 313] (hereafter, the "Motion"). Plaintiff filed a response opposing the requested relief [Doc. 325], to which Defendants filed a reply [Doc. 334]. The Court has reviewed the briefing, court file, and applicable law. For the reasons stated below, the Motion is GRANTED.

### PROCEDURAL BACKGROUND

On October 8, 2020, Plaintiff Jane Doe ("Jane Doe 1") sued Defendants, Taos Municipal Schools ("TMS") and several of its employees[1] in their individual capacities, for claims under 42 U.S.C. § 1983 ("Section 1983") and the New Mexico Tort Claims Act [Doc. 1]. Plaintiff alleged

---

[1] Defendant Lillian Torrez was the Superintendent of TMS, Defendant Robert V. Trujillo was the principal of Taos High School, and Defendant Lisa Abeyta Valerio was the vice principal of Taos High School on the dates the alleged assaults occurred. Emy DeHerrera, another TMS employee, was a named Defendant in the original Complaint but has since been removed by the Second Amended Complaint.

1

that another minor student, T.R., subjected her to escalating sexual assaults on Taos High School's campus, including rape. Plaintiff alleged that Defendants tortiously enabled T.R. and failed to adequately protect her and other female students despite knowing T.R. had a history of sexual misconduct and violence. In particular, Plaintiff alleged that it had been disclosed to TMS prior to her own assault that T.R. assaulted and raped Intervenor-Plaintiff, Jane Doe 2, on campus the year prior.

Defendants filed an answer denying Plaintiff's allegations of their wrong-doing and, among their other defenses, pleaded qualified immunity. [Doc. 19]. The parties began discovery and formulated with the Court a stipulated Confidentiality Order [Doc. 35] to keep private certain "education records" protected by the Family Educational Rights and Privacy Act ("FERPA"), as well as other records guarded by statute. On June 10, 2022, Plaintiff moved to file her First Amended Complaint to detail pending claims and bring a new claim under Section 1983 [Doc. 102], which the Court granted over Defendants' objection. [Doc. 202]. The Court provided for redactions pursuant to the Confidentiality Order and recognized that Defendants could file a motion to dismiss if they chose. [Doc. 186]. Defendants filed that motion to dismiss, as well as a motion to stay discovery on the basis of their qualified immunity defense [Docs. 232–234].[2]

Plaintiff sought to file a Second Amended Complaint, which the Court granted while denying Defendants' motions to dismiss and to stay discovery as moot. [Doc. 278]. The Court intended to give the parties an opportunity to flesh out "complex Rule 12(b)(6) issues, including issues of qualified immunity." [Doc. 278, at 18]. In response to the Second Amended Complaint, Defendants submitted a new motion to dismiss based on Rule 12(b)(6) and qualified immunity and a new motion to stay discovery. [Docs. 307, 313].

---

[2] Pursuant to the Confidentiality Order, many filings in this case have both public redacted versions and private unredacted versions.

**BRIEFING SUMMARY**

Defendants request that the Court enter a stay of litigation—excepting discovery and briefing on their pending motion to dismiss [Doc. 308], Plaintiffs' pending Omnibus Motion regarding the Confidentiality Order [Doc. 309], a previously requested status conference [Doc. 304], and any future briefing on the confidentiality order as it relates to Intervenor Plaintiff's suit—until the merits of the qualified immunity defense is resolved. [Doc. 313, at 2, 6]. Because qualified immunity operates as a shield against litigation, Defendants argue a stay is legally mandated and justifiable. [Doc. 313, at 3–5]. Defendants continue that the intent of qualified immunity justifies a stay as to all parties, not just the Defendants to whom qualified immunity would apply. [Doc. 313, at 4]. In addition, Defendants argue a stay is consistent with the Criminal Justice Reform Act's concern for avoiding unnecessary proceedings and expense. [Doc. 313, at 5].[3]

Plaintiff responds that she agrees with Defendants on the exceptions to their requested stay, but that a stay is otherwise unjustified in its entirety. [Doc. 325, at 2]. Plaintiff argues that the Court retains the discretion to deny a stay and should do so. For justification, Plaintiff asserts that Defendants wish to intentionally delay proceedings to undermine her case and that qualified immunity harms the public and undermines the legal system. [Doc. 325, at 6–10]. Defendants reply that Plaintiff mischaracterizes the law and strays into unnecessary argument and that, even if the Court has discretion in this matter, established law favors a stay. [Doc. 334, at 2–11].

---

[3] Because the Court finds, as discussed below, that the law on qualified immunity alone is sufficient to grant a stay, it does not take up Defendants' CJRA arguments.

3

## STATEMENT OF THE ISSUES

1. Should the Court grant Defendants a stay of discovery, save for the limited exceptions asked for in their Motion, until their motion to dismiss Plaintiff's Second Amended Complaint is resolved?

## APPLICABLE LAW

When a government official is entitled to qualified immunity, they may only be personally sued for their official conduct if a reasonable person would understand the conduct violates clearly established law. *E.g., Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021). Qualified immunity seeks to balance two principles of governance: justice and efficacy. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine is more limited compared to other forms of immunity, allowing plaintiffs to hold defendants personally accountable for obvious violations of their rights when there are few if any other ways to rectify them. *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). On the other hand, qualified immunity generally defers to the discretion entrusted to the official position held by the defendant. *Harlow*, 457 U.S. at 807. Doing so conserves public resources in the face of time-consuming litigation and avoids discouraging people from discharging their governmental duties where the law is less than clear. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Therefore, if a defendant is entitled to qualified immunity, courts must engage, in no particular order, in a two-part inquiry: (1) Did the defendant's alleged actions violate constitutional or statutory law? (2) If so, was the law that the defendant's alleged actions violated clearly established? *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018); *Pearson*, 555 U.S. at 236.

Qualified immunity, as an affirmative defense, doesn't just raise the bar for liability; it grants the defendant protection from litigation itself until the court resolves, at minimum, whether qualified immunity would prohibit the suit based on the facts alleged by the plaintiff. *Mitchell v.*

4

*Forsyth*, 472 U.S. 511, 527–28 (1985). To that end, the court should not allow discovery to continue until it resolves the threshold issue of whether qualified immunity could bar the plaintiff's claims on the pleadings. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).[4] Whether the Supreme Court and Tenth Circuit's approval of stays of discovery in the context of qualified immunity amounts to a categorical mandate is unclear given trial courts still retain some level of discretion. *Graham v. Gray*, 827 F.2d 679, 681 (10th Cir. 1987). For example, courts may order limited discovery where necessary to resolve dispositive factual issues for qualified immunity. *Hansen v. PT Bank Negara Indon. (Persero), TBK*, 601 F.3d 1059, 1064 (10th Cir. 2010); *Workman*, 958 F.2d at 336. Nevertheless, it falls to the plaintiff to give the court good reason to overrule the strong policy justification for a stay. *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015).

The stay of discovery can postpone discovery that might otherwise proceed against defendants not entitled to qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009). Out of concern that protected parties would still feel compelled to participate in discovery to ensure their position is not prejudiced as the case's evidence and posture develops, it is the standard practice of the District of New Mexico to grant a stay for all defendants once qualified immunity is at issue. *Encinias v. N.M. Corr. Dep't*, No. CV 21-1145 KG/SCY, 2022 WL 2341629 at *2 (D.N.M. June 29, 2022) (citing *Mathis v. Centurion Corr. Healthcare of N.M., LLC*, No. 1:22-CV-20 JCH/KRS, 2022 WL 1987713, at *1 (D.N.M June 6, 2022)).

## ANALYSIS

---

[4] Plaintiff argues that an entitlement to a discovery stay does not exist if the success of qualified immunity hinges on fact rather than law, citing *Weise v. Casper*, 507 F.3d 1260, 1264 (10th Cir. 2007), *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 574–76 (10th Cir. 2021), and *Riley v. Spangler*, No. 1:20-cv-00983-KWR-SCY, 2021 WL 5881999 at *7–8 (D.N.M. Dec. 13, 2021). But these cases did not address when a stay should or should not be granted and instead focused on the appealability of denials of qualified immunity, or the sufficiency of pleadings. Qualified immunity is ultimately a legal question, and discovery may not continue past the threshold inquiry into the pleadings by framing the issue as factual. *Workman*, 958 F.2d at 332.

Supreme Court, Tenth Circuit, and District of New Mexico caselaw all emphasize the presumption, if not requirement, that an assertion of qualified immunity triggers a stay of discovery until qualified immunity is resolved. *See Iqbal*, 556 U.S. at 685–86; *Workman*, 958 F.2d at 336; *Encinias*, 2022 WL 234169 at *2. Therefore, the Court shall grant Defendants' request for a stay of discovery unless Plaintiff can demonstrate sufficient justification to deny it. Plaintiff offers the following: (1) Defendants are drawing out the proceedings in bad faith by raising qualified immunity after their extensive discovery disputes over the Confidentiality Order; (2) qualified immunity does not in practice accomplish what it asserts in theory; (3) qualified immunity disproportionately harms plaintiffs based on their racial, gender, socioeconomic, and/or geographic demographic; (4) qualified immunity undermines the democratic check of the jury trial; and (5) qualified immunity clashes with basic ethical principles. [Doc. 325, at 3–10].

The Court does not find that Defendants' request for a stay reflects bad-faith delay tactics. While Defendants did not move for dismissal based on qualified immunity prior to beginning discovery, they did plead qualified immunity in their answer. [Doc. 19, at 18]. Defendants then filed a motion to dismiss and a request for a stay of discovery approximately three weeks after Plaintiff filed her First Amended Complaint. [Docs. 227, 232, 234]. The Court did not address qualified immunity on the merits, however, to allow Plaintiff to file her Second Amended Complaint and Defendants a new motion to dismiss in order to further develop some of the complicated issues in this case. [Doc. 278, at 18]. Defendants then requested another stay of discovery a week after filing their new motion to dismiss. [Docs. 308, 313]. Therefore, the record reflects that Defendants, rather than delaying their assertion of qualified immunity, have consistently pursued their defense's resolution and a stay of discovery in the interim.

6

As to Plaintiff's remaining arguments, they focus not on the propriety of a stay but on the injustice of qualified immunity itself. [Doc. 325, at 6–10]. However, the Court has no authority to overrule Tenth Circuit and Supreme Court precedent endorsing qualified immunity. *See, e.g., Millard v. Camper*, 971 F.3d 1174, 1177 (10th Cir. 2020) (contravening binding precedent is grounds for reversal). Because these arguments do not touch on the matter at hand and cannot change how the Court must rule on the present Motion, the Court will not address them further.

## **CONCLUSION**

In summary, for the reasons explained above the Court GRANTS Defendants' Motion and ORDERS that all discovery shall be stayed until the Court resolves Defendants' current motion to dismiss Plaintiff's Second Amended Complaint. The stay of discovery shall NOT include briefing and motions practice on the following exceptions:

- Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Civil Rights Violations, Negligence, and other Tortious Conduct and Motion to Dismiss Based on Qualified Immunity. [Doc. 308].

- Plaintiffs' Omnibus Motion for Relief from Stipulated Confidentiality Order (Doc. 35), Reconsideration of September 28 Memorandum Opinion and Order (Doc. 289), and Tolling of Deadline for Rule 72(A) Objections. [Doc. 309].

- The parties' previously requested status conference [Doc. 304] and any future briefing regarding the stipulated Confidentiality Order [Doc. 35, as amended by Docs. 59 and 61], solely to the extent such briefing is necessary to allow Intervenor-Plaintiff's parallel case, 1:22-cv-590-KWR-JHR, to proceed.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge