IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE 1 *and* JANE DOE 2,

    Plaintiff and Intervenor-Plaintiff,

v.                                                                                                                                           No. 1:20-cv-01041-SCY-JHR

TAOS MUNICIPAL SCHOOLS, *and* LILLIAN
TORREZ, ROBERT TRUJILLO, *and* LISA
ABEYTA-VALERIO,
*in their individual capacities*,

    Defendants.

**MEMORANDUM OPINION AND ORDER
ON PLAINTIFFS' OMNIBUS MOTION FOR RELIEF**

THIS MATTER comes before the Court on Plaintiff Jane Doe 1 and Plaintiff-Intervenor Jane Doe 2's Omnibus Motion for Relief from Stipulated Confidentiality Order [Doc. 35], Reconsideration of September 28 Memorandum Opinion and Order [Doc. 289] ("September 28 Order"), and Tolling of Deadline for Rule 72(a) Objections. [Doc. 309] ("Omnibus Motion"). Defendants timely responded in opposition and Plaintiffs filed a reply [Docs. 321, 332]. The Court has reviewed the briefing, record, and applicable law. For the reasons discussed below, the Court GRANTS Plaintiffs' request that Jane Doe 1's publicly filed versions of her First and Second Amended Complaints be held not confidential, and DENIES all other requested relief.

    I.   **PROCEDURAL BACKGROUND**

On October 8, 2020, Jane Doe 1 filed a suit against Defendants, Toas Municipal Schools ("TMS") and several of its employees in their personal capacity, for violations of 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. [Doc. 1]. Jane Doe 1 alleges that Defendants tortiously failed to protect her and other students, including Jane Doe 2, from sexual violence perpetrated by a fellow student whom TMS knew had a propensity for such conduct. As Jane Doe 1, Jane Doe 2,

1

and the perpetrator were all minors at the time of the alleged violence, discovery would implicate the privacy protections of the Family Educational Rights and Privacy Act ("FERPA"). The parties agreed to a stipulated Confidentiality Order that the Court adopted. [Doc. 35].

The order created a process for protecting the confidentiality of certain records and filing court documents under seal. First, the Confidentiality Order identified certain categories of records that could receive a confidentiality designation. [Doc. 35, at 2–3]. A party producing a record fitting one of those categories could then designate it confidential by clearly marking it so. [Doc. 35, at 3]. A designated record stays confidential unless the requesting party challenges it and the producing party fails to justify the designation. [Doc. 35, at 3, 7]. A party may only use a confidential record for prosecuting or defending the immediate lawsuit, including appeals, or in a related proceeding brought by Jane Doe 1 or one of Defendants. [Doc. 35, at 4]. In addition, only certain individuals, including the parties, counsel, the Court, and potential fact witnesses, can view a confidential record. [Doc. 35, at 4–5].

When filing documents containing confidential information, a party must either file a redacted document with consent of the other party, submit the document for in camera review, or, if other methods are inadequate, seek leave to file under seal. [Doc. 35, at 6]. Mere designation of information as confidential cannot justify filing under seal given the public interest in transparent court proceedings. [Doc. 35, at 6]. While the Court has amended the order twice to add new categories of confidential information, its procedures have not changed. [Docs. 59, 61].

In August 2022, counsel for Jane Doe 1 filed another lawsuit on behalf of Jane Doe 2 with similar claims. [1:22-cv-00590, Doc. 1]. Jane Doe 2's complaint incorporated by reference Jane Doe 1's sealed and unredacted First Amended Complaint, as well as other records marked confidential by Defendants. The parties filed motions, with Defendants alleging that Plaintiffs

breached the Confidentiality Order and Plaintiffs arguing that the cited documents should not have been confidential. The Court found Plaintiffs violated the Confidentiality Order's automatic protection of designated documents until an opposing challenge. [September 28 Order, Doc. 289, at 12] Plaintiffs' post-disclosure challenge did not obviate their extant violation. [Doc. 289, at 13–14]. As a sanction, the Court ordered that Plaintiffs' counsel pay Defendants' attorney fees for enforcing the order. [Doc. 289, at 23–25]. The Court declined to find that Plaintiffs' counsel had violated FERPA or to award other relief. [Doc. 289, at 15–20, 25–28].

## II. BRIEFING SUMMARY

Plaintiffs later filed the Omnibus Motion,[1] making five arguments against the September 28 Order.[2] First, Plaintiffs ask the Court to rule that Jane Doe 1's publicly filed versions of her First and Second Amended Complaints are not confidential and may be used outside of these proceedings. [Doc. 309, at 6]. Second, Plaintiffs ask the Court to find that Defendants have abused the Confidentiality Order's procedures and to mandate as a sanction that Defendants produce an itemized log identifying each of their confidentiality designations and the basis for them. [Doc. 309, at 10]. Third, Plaintiffs ask the Court to prohibit Defendants from asserting the confidentiality of material that Plaintiffs can obtain through means independent of discovery. [Doc. 309, at 15]. Fourth, Plaintiffs ask the Court to reconsider the finding that Jane Doe 1 violated the Confidentiality Order. [Doc. 309, at 18].[3] Fifth, Plaintiffs ask the Court to reconsider sanctions

---

[1] Plaintiffs incorporate by reference some of their previous filings to avoid repetition. [Doc. 309, pp. 1, 8]. However, those incorporations violate the District of New Mexico's rule limiting the combined length of a motion and supporting briefs to 27 double-spaced pages. D.N.M.LR-Civ 7.5. As the Omnibus Motion alone was 28 pages, one page more than allowed, the Court will not consider the references.
[2] Plaintiffs requested that the Court toll their window to file a Rule 72(a) objection to the September 28 Order. [Doc. 309, at 26]. The Court has granted that request separately and so will not address the issue again here. [Doc. 344].
[3] Plaintiffs simultaneously claim not to seek reconsideration of the September 28 Order but rather to clarify it. [Doc. 309, at 18]. However, because the proposed clarification is substantially a new finding that Jane Doe 2's complaint was justified and certain of the Court's findings should be retracted, the Court takes it to be a request for reconsideration. [Doc. 309, at 18–24; Doc. 332, at 12].

3

against their counsel in its September 28 Order and allow instead a $3,000 donation to a Taos non-profit community. [Doc. 309, at 24].

Defendants respond that they may appropriately designate information referenced in the First and Second Amended Complaints as "confidential" despite their public filing, and therefore Plaintiffs' request to rely on them outside of these proceedings should be denied. [Doc. 321, at 10, 21]. Defendants also argue that they have committed no violations of the Court's orders or other law that would make production of an itemized confidentiality log an appropriate sanction. [Doc. 321, at 13]. Finally, Defendants claim that Plaintiffs' requested relief from the attorney fee award would violate Rule 37's plain language. [Doc. 321, at 16]. Plaintiffs reply that the public nature of the complaints put them outside the Confidentiality Order's coverage, Defendants must produce a log in light of their practice of over-designation of confidential records, and Defendants' actions along with the September 28 Order have caused an undue chilling of counsel's advocacy. [Doc. 332].

### III. STATEMENT OF THE ISSUES

1. Are Jane Doe 1's publicly filed versions of her First and Second Amended Complaint subject to confidentiality?

2. Should Defendants be sanctioned for abuse of the Confidentiality Order by ordering that they produce an itemized log of all records they have designated confidential?

3. Should the Court prohibit Defendants from designating as confidential information contained in Plaintiffs' own records or in publicly available sources?

4. Should the Court reconsider finding that Plaintiffs' counsel's reference to information designated confidential in Jane Doe 2's complaint violated the Confidentiality Order?

5. Should the Court reconsider awarding attorney fees to Defendants and instead allow Plaintiffs' counsel to make a charitable contribution to a Taos non-profit as the sanction for violating the Confidentiality Order? [Doc. 289].

## IV. RELEVANT LAW

### A.   Standard of Review.

Under Rule 54(b), a court may revisit any of its orders for reconsideration short of a final judgment. *First Am. Kickapoo Operations, L.L.C. v. Multimedia Games, Inc.*, 412 F.3d 1166, 1170 (10th Cir. 2005). Reconsideration of an interlocutory order does not have the same strict standards as altering or amending a judgment under Rules 59(e) and 60(b). *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018). Rather, a court's decision on a motion to reconsider will only be overturned if the court made "a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008) (quoting *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996)).

### B.   Confidentiality Orders and Filing Under Seal.

Courts have broad discretion to order parties not to disseminate information gained via pretrial discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32–34 (1984); *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1270–71 (10th Cir. 2010). Protection orders do not offend the First Amendment given parties only enjoy a right to discovery by virtue of statute and the rules of procedure. *Seattle Times Co.*, 467 U.S. at 34. Rather, free speech concerns emerge when the court attempts to restrict the dissemination of information obtainable from public sources. *Seattle Times Co.*, 467 U.S. at 34; *accord Elevate Fed. Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1083 (10th Cir. 2023) (denying request to seal information that was already public).

Courts also have less discretion to permit filing documents under seal in light of the strong public interest in transparent judicial proceedings. *Elevate Fed. Credit Union*, 67 F.4th at 1083; *United States v. Pickard*, 733 F.3d 1297, 1302–03 (10th Cir. 2013). A party seeking to seal or partly redact a document, therefore, must demonstrate a real, substantial, and significant interest in privacy that outweighs the public's interest in open records. *Elevate Fed. Credit Union*, 67 F.4th at 1082.

The parties do not cite case law discussing whether a ruling on unredacted information in a public filing constitutes a simultaneous ruling on confidentiality. However, several trial court decisions, including from this district, have addressed the reverse, finding that ruling a document confidential does not constitute a ruling on whether a party may file the same document under seal. *Luttrell v. Brannon*, No. 17-2137-HLT-GEB, 2018 WL 4469276 at *7 (D. Kan. Sept. 18, 2018) (citing *Fish v. Kobach*, 320 F.R.D. 566, 576–77 (D. Kan. 2017)); *Juarez v. Lowe's Home Ctrs., LLC*, No. 18-828 JCH/SCY, 2019 WL 13221422 at *2 (D.N.M. Apr. 11, 2019). The distinction is particularly relevant where a public filing may reference confidential documents but not necessarily disclose the confidential information contained in those documents. *Elling v. Mesa Biotech, Inc.*, No. 1:19-cv-00547-LF-SCY, 2020 WL 3315977 at *1 (D.N.M. June 18, 2020).

C. **Attorney Fees as a Sanction for Violating Protective Orders.**

A court must award a movant's reasonable expenses incurred from enforcing a protective order against another party. Fed. R. Civ. P. 26(c)(3), 37(a)(5). The court may impose the sanction against the other party directly, the party or counsel who advised them, or both. Fed. R. Civ. P. 37(a)(5)(A). Unless the other party can "substantially justify" their failure to cooperate with the protective order, the court has no discretion to deny the movant their fees. *Stenson v. Edmonds*, 86 F.4th 870, 879 (10th Cir. 2023).

## V.  DISCUSSION

For the reasons below, the Court finds, subject to certain nuances, the publicly filed versions of Jane Doe 1's First and Second Amendment Complaints [Docs. 202, 297] are not subject to confidentiality, but does not find that any related sanction against Defendants is currently appropriate. The Court denies Plaintiffs' request to order Defendants to refrain from designating or redesignating as confidential information available in public sources or Plaintiffs' own records because it would duplicate provisions already part of the Confidentiality Order. The Court also denies Plaintiffs' request to reconsider its September 28 Order or to substitute a charitable contribution for its award of attorney fees.

**A.   Jane Doe 1's Publicly Filed Versions of Her First and Second Amendment Complaint Are Not Subject to the Confidentiality Order.**

Plaintiffs argue that the public versions of Jane Doe 1's pleadings qualify as public information not subject to confidentiality under the terms of the Confidentiality Order and First Amendment jurisprudence more generally. [Doc. 309, at 6–10; Doc. 332, at 2–6]. Defendants counter that while the pleadings may have not satisfied the higher threshold required to justify filing under seal, they could still insist on confidentiality given less demanding criteria. [Doc. 321, at 20–23]. Defendants further argue that the Court should not allow Plaintiffs an end-run around the Confidentiality Order by using information gained in Jane Doe 1's case to help Jane Doe 2's. [Doc. 321, at 22].

The Court finds that the publicly filed versions of Jane Doe 1's pleadings are not subject to the Confidentiality Order. While it may be true that parties have a lesser burden to justify confidentiality than to file something under seal, the terms of the Confidentiality Order make clear that information available to the public may not be kept confidential. [Doc. 35, at 3]; *Merrill Scott*

*& Assocs.*, 600 F.3d at 1271 (protective orders are interpreted according to plain meaning). The public status of Jane Doe 1's redacted pleadings therefore satisfy the exception.

While the public can access these redacted pleadings, a question remains with respect to the status of documents incorporated via reference in those pleadings. Plaintiffs argue a ruling on whether information could appear in a public filing effectively constitutes a ruling on that information's confidentiality. [Doc. 309, at 9]. But Plaintiffs also acknowledge that the only "public" information in a filing is the text that appears within its four corners. [Doc. 309, at 9; Doc. 332, at 2]. And a pleading specifically, on its own, only constitutes allegations of fact and claims for relief based thereon. Fed. R. Civ. P. 8(a). Thus, while they may reference evidentiary sources, pleadings do not constitute evidence of fact themselves. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990).

Consequently, the Court finds that the Confidentiality Order can and still does protect the underlying confidential materials upon which the pleadings may rely or which they may incorporate via reference. A ruling on whether text in a public filing requires redaction does not constitute a ruling on the confidentiality of documents used to support that filing. As the Supreme Court has stated, a free speech concern arises only when courts attempt to restrict use of information available outside the discovery process. *Seattle Times Co.*, 467 U.S. at 34. Thus, the Confidentiality Order may still protect confidential discovery materials, whose content remains private, even if a public filing acknowledges their existence. Defendants protest that the distinction is meaningless by allowing Plaintiffs' counsel to "rely" on the pleadings in Jane Doe 2's case when in fact he acts on the information gleaned in discovery in Jane Doe 1's case. [Doc. 321, at 22]. But

as the Court explained above, the text of the pleadings do not constitute evidence of what they allege.

For the above reasons, the Court finds that the publicly available texts of the redacted First and Second Amended Complaint [Docs. 202, 297] are not confidential under the terms of the Confidentiality Order.

**B.     The Court Does Not Find that Defendants Have Engaged in Sanctionable Conduct.**

Plaintiffs argue that Defendants have disregarded the Court's directives by asserting the confidentiality of information despite orders allowing Plaintiffs to reference the same information in public filings. [Doc. 309, at 10]. But, as discussed above, the issue of whether a party may file under seal or with redactions poses a different (though related) legal question than whether a party may keep discovery material confidential. While Plaintiffs acknowledge the distinction, they assert it lacks a difference when it comes to the effect of an order. [Doc. 321, at 10]. The example of Jane Doe 1's pleadings demonstrates the opposite. The Court therefore finds there are inadequate grounds to sanction Defendants based on their assertions of confidentiality.

Plaintiffs argue that Defendants not only improperly assert confidentiality but also over-designate material, abusing the Court's orders and chilling their ability to proceed with litigation. [Doc. 309, at 13–14]. The Court, however, cannot enforce Plaintiffs' rights under the Confidentiality Order if they do not follow the procedure it requires. [Doc. 35, at 6–7]. The possibility that challenges take more time than anticipated does not prove that confidentiality designations are in bad faith. In addition, the Confidentiality Order still allows Jane Doe 1 to use any confidential information to advance her claims in this suit. [Doc. 35, at 4]. The Court therefore finds inadequate support for the contention that Defendants have chilled Jane Doe 1's ability to prosecute her own claims.

C.  **The Court Will Not Issue a New Blanket Order Regarding the Confidentiality of Public Information or Plaintiffs' Personal Records.**

Plaintiffs request that the Court issue a blanket order directing Defendants to cease designating as confidential publicly available information, including information in public filings and Plaintiffs' personal knowledge. [Doc. 309, at 17]. Plaintiffs argue that Defendants unfairly shift the burden of confidentiality to them by forcing Plaintiffs to prove something should not be kept confidential. [Doc. 309, at 17].

However, the Confidentiality Order states that publicly available information cannot be made confidential and limits its protection to materials produced in discovery. [Doc. 35, at 2–3]. In addition, the order directs any producing party to clearly mark what materials they designate as confidential. [Doc. 35, at 3]. Their failure to do so, even inadvertently, risks waiving their ability to keep the produced material private. [Doc. 35, at 4]. Under these terms, the producing party must justify their confidentiality designations once challenged by the requesting party. [Doc. 35, at 6–7]. The Confidentiality Order therefore already accounts for First Amendment considerations, provides a process to alert the Court of any improper confidentiality designations, and ensures the burden of proof stays with the producing party. The ability of the producing party to initially designate and receive the protection of confidentiality prior to a challenge is an efficiency consideration: it promotes liberal participation in discovery and keeps the Court from having to make individual rulings on each item a party wishes to keep private. [Doc. 289, at 13–15].

D.  **The Court Will Not Reconsider its Findings in its September 28 Order.**

Plaintiffs request that the Court reconsider the sanctions imposed in its September 28 Order. [Doc. 309, at 18–24]. The Court addressed how the Confidentiality Order operates with respect to the First Amendment and other relevant caselaw in Parts V.A–V.C, *supra*, and so will not revisit those arguments again here. Plaintiffs also explain they attempted to challenge Defendants'

10

confidentiality designations contained in Jane Doe 2's complaint, but court delays, Defendants' bad-faith obstinance, and a possible statute-of-limitations defense forced them to file the complaint without resolution of the confidentiality issues. [Doc. 309, at 19–20]. However, Plaintiffs do not establish why Jane Doe 2's complaint needed to use confidential discovery material from this case to plead plausible claims and, if so, why the needs of a separate case could justify violating the Confidentiality Order. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). The Court therefore finds reconsideration of the September 28 Order is unwarranted.

E.   **The Court Will Not Alter Its Award of Attorney Fees to Defendants.**

Plaintiffs request that their counsel make a charitable donation to a Taos non-profit organization in lieu of paying Defendants' attorney fees. [Doc. 309, at 24]. Plaintiffs cite their arguments about Defendants abusing the Court's orders, allege Defendants' counsel would receive double compensation, and allege TMS is currently subject to a forensic audit and legal investigation. [Doc. 309, at 26].

Plaintiffs do not challenge the Court's finding that Jane Doe 1 violated the Confidentiality Order, and so they can only prevent an award of attorney fees if they "substantially justify" Jane Doe 1's noncompliance. *Stenson*, 86 F.4th at 879. The Court found unpersuasive Plaintiffs' explanations for counsel's violations of the Confidentiality Order. *See* Part V.D, *supra*. Ultimately, Plaintiffs ask the Court to use discretion that it does not have under Rule 37(a)(5) to fashion an alternate remedy rather than compensate Defendants. *Stenson*, 86 F.4th at 879. The Court therefore denies reconsideration of the attorney fees sanction.

Defendants request the Court award their fees for responding to Plaintiffs' Omnibus Motion pursuant to Rule 37 and 28 U.S.C. § 1927. [Doc. 321, at 2]. The Court, however, does not find the Omnibus Motion constitutes further violation of the Confidentiality Order. *See Centennial*

11

*Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012) (purpose of rule is to compensate for the filing of the motions alerting court to discovery misconduct). In addition, the Court does not find that Plaintiffs' Omnibus Motion constitutes unreasonable or vexatious conduct. 28 U.S.C. § 1927. The Court granted some of Plaintiffs' requested relief, and the parties otherwise have had understandable confusion and miscommunication around a nuanced legal issue. *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (statute has an extreme standard for misconduct). The Court therefore denies Defendants' request.

## VI. **CONCLUSION**

In summary, the Court finds that the text of Jane Doe 1's redacted versions of her First and Second Amended Complaint [Docs. 202, 297] constitute publicly available information and are not subject to confidentiality. The Court otherwise denies Plaintiffs' request for additional orders and reconsideration of its September 28 Order and denies Defendants' request for additional attorney fees.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge