IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE 1 *and* JANE DOE 2,

    Plaintiff and Intervenor-Plaintiff

v.                                                                                  No. 1:20-cv-01041-SCY-JHR

TAOS MUNICIPAL SCHOOLS, *and* LILLIAN
TORREZ, ROBERT TRUJILLO, *and* LISA
ABEYTA-VALERIO,
*in their individual capacities*,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES

THIS MATTER comes before the Court on Defendants' Motion for Attorneys' Fees [Doc. 320] ("Fee Motion"). Plaintiffs filed their response and Defendants their reply. [Docs. 331, 336]. The Court has reviewed the briefing, record, and applicable law. For the reasons below, the Court GRANTS IN PART Defendants' Fee Motion and AWARDS Defendants $7,500 in attorney fees, to be paid by Plaintiffs' counsel.

### I. PROCEDURAL BACKGROUND

This suit concerns Plaintiff Jane Doe 1's civil claims against Defendants, Toas Municipal Schools and several of its employees, for their failure to protect her and others from a fellow student's sexual violence. [Doc. 1]. The parties stipulated to a Confidentiality Order [Doc. 35] which the Court adopted, as discovery would involve records protected by the Family Education Rights and Privacy Act ("FERPA"). Later, Jane Doe 1's counsel filed suit against Defendants on behalf of Jane Doe 2, citing in her complaint several records protected by the Confidentiality Order. Defendants filed a motion for relief, arguing Jane Doe 1 had violated both confidentiality and FERPA, which required appropriate sanctions. [Doc. 207] ("Sanction Motion"). The Court found

1

that Plaintiffs' counsel had violated the Confidentiality Order and ordered that he pay Defendants' attorney fees incurred from filing their Sanction Motion. [Doc. 289, at 14–15, 25]. However, the Court did not find that Plaintiffs' counsel violated FERPA, and denied the remainder of requested relief. [Doc. 289, at 18–21, 25–27]. The Court later denied Plaintiffs' motion to reconsider the sanction. [Doc. 350].

## II. BRIEFING SUMMARY

Defendants request $11,008.53[1] in attorney fees for hours spent in conference with counsel, researching, drafting, and editing the Sanction Motion and reply, and the present Fee Motion. [Doc. 320-1]. Defendants argue they charged less than the applicable market rate but required many more hours than a normal motion would demand, given the complex legal issues regarding confidentiality and FERPA, Plaintiffs' unnecessary maneuverings, and the need for extra time to file documents in compliance with the Confidentiality Order. [Doc. 320]. Plaintiffs respond that the Court could still change the sanction to a donation to a charitable organization rather than pay Defendants' attorney fees, that Defendants' refusal to confer on the Fee Motion should penalize them, and that Defendants' partial failure on the Sanction Motion allows the Court to apportion the fees between Plaintiffs and Defendants. [Doc. 331]. Defendants object to Plaintiffs' justifications for refusing Defendants their fees or reducing them proportionally as baseless and against controlling law. [Doc. 336].

## III. STATEMENT OF THE ISSUES

1. What amount, if any, of attorney fees should the Court award Defendants for their Sanction Motion?

---

[1] Defendants initially requested $11,145.66, then reduced their request in response to some of Plaintiffs' objections. [Doc. 336, at 6].

2

## IV.     APPLICABLE LAW

Under Rules 26(c)(3), 37(a)(5), a court must compensate a party for the attorney fees incurred by their motion seeking to enforce a rule or order against discovery misconduct. *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012); *Stenson v. Edmonds*, 86 F.4th 870, 878–89 (10th Cir. 2023). For fee awards generally, work that can receive compensation includes all work that the prevailing party would not have performed but for the sanctionable acts of the losing party. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–09 (2017). Thus, courts should consider fees for work that the misconduct caused to happen even if the same work gave other benefits to the prevailing party. *Fox v. Vice*, 563 U.S. 826, 837–38 (2011). A court may also include in its award the expenses incurred from presenting the motion for fees itself. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986). However, Rule 37(a)(5)(C) states that where a court grants a discovery misconduct motion in part, it may, after the parties have had opportunity to be heard, apportion the attorney fees sanction. The court enjoys significant discretion under Rule 37(a)(5)(C) and may even decline to award fees entirely. *Benavidez v. Sandia Nat'l Laboratories*, 319 F.R.D. 696, 730 (D.N.M. 2017); *accord Alicea v. County of Cook*, 88 F.4th 1209, 1219–20 (7th Cir. 2023).

If the court awards a party its attorney fees, they have the burden of proving the reasonability of "each dollar, each hour, above zero" requested. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Mares*, 801 F.2d at 1210). The court then decides in its discretion what would be a reasonable award, with attention to whether the claimed rate reflects the prevailing market in the relevant legal community, and whether the time logs show how counsel allotted their claimed hours to specific tasks. *Jane L.*, 61 F.3d at 1510; *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1250, 1256 (10th Cir. 1998). Grounds for reducing the hours awarded include the inexperience of the lawyer, the failure to keep contemporaneous time records, or unreasonable,

3

unproductive, or excessive time spent. *See Mares*, 801 F.2d at 1203. However, no set of factors or tests exists for that determination so long as the court offers sufficient justification for its conclusion, including its own experience, judgment, and familiarity with the case. *See Mares*, 801 F.2d at 1203.

Generally, once the court has determined a "lodestar amount" of reasonable hours expended multiplied by a reasonable rate of fees, it may then further consider factors such as (1) the hours normally billed to a client; (2) the number of hours spent on each task; (3) the complexity of the issue; (4) the number of reasonable strategies pursued; (5) the responses necessitated by the maneuvering of the other side; and (6) the potential duplication of services. *Jane L.*, 61 F.3d at 1509; *Stenson*, 86 F.4th at 879 (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)).

## V.  ANALYSIS

At the outset, the Court will summarily deny Plaintiffs' request that it change the sanction to a donation to a charitable organization, as the Court addressed it by prior order. [Doc. 350]. The Court also notes that Plaintiffs do not contest the reasonableness of the rates claimed by Defendants, which Defendants supported with counsel's affidavit swearing they fall below the market rate for attorneys working comparable litigation. [Doc. 320-1, at 1–4]. The Court therefore finds Defendants request a reasonable rate. *Jane L.*, 61 F.3d at 1510.

However, Defendants do not request a reasonable number of hours for compensation. Defendants' log for researching, drafting, and editing the Sanction Motion shows nearly fifty-five hours spent, with approximately nineteen on research and thirty-six on writing. [Doc. 320-1, at 5–9]. The motion and associated reply, however, only total thirty pages. [Docs. 207, 239].[2]

---

[2] The Court makes rough estimates of hours here as Defendants occasionally logged two actions at once for the same entry. [Doc. 320-1, at 3, 5].

Defendants argue the complexity of confidentiality and FERPA issues, the lack of clear law on the subjects, filing complications created by the Confidentiality Order, and Jane Doe 2's preemptive intervention in this case necessitated more billing. While these factors help explain hours dedicated to research, doubling that number for writing alone strikes the Court as excessive based on experience and familiarity with the case. In addition, the log's minimal detail prevents the Court from distinguishing whether counsel may have needlessly duplicated a team member's work. *See Mares*, 801 F.2d at 1202–03 (describing possible reasons why a court might find the number of billed hours unreasonable).

Even if the Court found that Defendants' counsel reasonably expended these hours, it may still reduce the amount of fees requested given the Court only partially granted Defendants' Sanction Motion. [Doc. 289, at 1–2]. Defendants object to apportionment because Plaintiffs' misconduct necessitated all their briefing and parsing their billed hours would be "wasteful nitpicking." [Doc. 336, at 8, 10] (citing *Fox*, 563 U.S. at 838, and *Goodyear*, 581 U.S. at 110). The Court disagrees. While awarding all fees incurred for the Sanction Motion might be allowed under *Goodyear* and *Fox*, Rule 37(a)(5)(C) still gives the Court discretion to reduce the actual award. *See Benavidez*, 319 F.R.D. at 730. In addition, the overly detailed inquiries discouraged in *Fox* refers to "auditing perfection" when dividing fees, not apportionment itself. *See Fox*, 563 U.S. at 838.

In light of that discretion, the Court will not shift fees for Defendants' Fee Motion, as compensation for the Sanction Motion satisfies the purpose of Rule 37. *Centennial*, 688 F.3d at 678.[3] The Court will further reduce the award in light of Plaintiffs successfully avoiding harsher sanctions and a FERPA violation. [Doc. 289, at 18–21, 25–27]. However, the Court agrees with

---

[3] The parties' arguments about conferral or the lack of it are therefore mooted.

Defendants that the Sanction Motion primarily focused on the breach of confidentiality. [Doc. 207; Doc. 289 at 11–15]. While Defendants did not succeed in demonstrating Plaintiffs violated FERPA, the Confidentiality Order incorporates the statute in several of its provisions and the Court ruled against Defendants on narrow grounds. [Doc. 35, at 1–2; Doc. 289, at 118–20]. Therefore, the Court will still award Defendants a significant majority of their requested fees, even if it would include some hours spent on matters relating to FERPA.

In sum, the Court finds reasonable awarding Defendants most but not all of their requested fees based on the high number of hours Defendants claim and the partial denial of their Sanction Motion. To do "rough justice," the Court will award Defendants $7,500 in attorney fees, paid by Plaintiffs' counsel. *Fox*, 563 U.S. at 838.

## VI.   CONCLUSION

For the reasons above, the Court GRANTS IN PART Defendants' Fee Motion and AWARDS them $7,500 in compensation, paid by Plaintiffs' counsel, for their attorney fees pursuant to Rule 37(a)(5). Plaintiffs' counsel shall pay Defendants their award within **30 DAYS** of service of this order.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge