# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JANE DOE 1,

      Plaintiff,

and

JANE DOE 2,

      Intervenor-Plaintiff,

v.                                           Case No. 1:20-cv-01041-SCY-JHR

TAOS MUNICIPAL SCHOOLS,
LILLIAN TORREZ, ROBERT TRUJILLO,
and LISA ABEYTA-VALERIO.

      Defendants.

## <u>ORDER OVERRULING OBJECTIONS</u>

Plaintiff Jane Doe 1 and Intervenor-Plaintiff Jane Doe 2 were both students at Taos High School who allege they were sexually assaulted by the same fellow student. Jane Doe 1 filed the present case, No. 20cv1041. A few years later, Jane Doe 2 filed a separate case.[1] *See Doe v. Taos Municipal Schools*, 22cv590 KWR/JHR. Magistrate Judge Jerry H. Ritter, the referral Magistrate Judge in both cases, issued a Sanctions Order, finding that Jane Doe 2 violated the Confidentiality Order entered in the present case when Jane Doe 2, who is represented by the same counsel, used information designated as confidential in Jane Doe 1's case to litigate her case. Doc. 289. Jointly, Plaintiffs Jane Doe 1 and Jane Doe 2 filed an Omnibus Motion in which they sought, among other things, "relief from the Stipulated Confidentiality Order" and reconsideration of the Sanctions Order. Doc. 309. In his Memorandum Opinion and Order on

---

[1] Jane Doe 2 intervened in the present case for the limited purpose of clarifying and amending the Confidentiality Order. Doc. 222.

Plaintiffs' Omnibus Motion for Relief ("Omnibus Order"), Judge Ritter held that Jane Doe 1's publicly filed versions of her first and second amended complaint are not subject to the Confidentiality Order. Doc. 350. Otherwise, Judge Ritter denied Plaintiffs' Omnibus Motion. *Id.*

Presently before the Court are Plaintiffs' objections to that Omnibus Order. Doc. 350. Plaintiffs do not presently object to the sanctions Judge Ritter issued. *See* Doc. 376 at 12. Instead, Plaintiffs primarily seek relief from procedures set forth in the operative Confidentiality Order. Plaintiffs, however, have not met their burden to demonstrate that Judge Ritter's Omnibus Order is clearly erroneous or contrary to law. As such, the Court overrules Plaintiffs' objections.

## PROCEDURAL HISTORY

### 1. Orders, Briefs, and Hearings Leading to the Current Objections

On October 22, 2022, Defendants filed a motion for sanctions, arguing that Plaintiff Jane Doe 1 and her counsel violated the Family Educational and Privacy Rights Act ("FERPA") and the Confidentiality Order entered in this case (Doc. 35) when they shared confidential information with Jane Doe 2. Docs. 207, 210. Jane Doe 2, who is represented by the same counsel as Jane Doe 1, allegedly then included this confidential information in her separate complaint. Docs. 207, 210. In his "Memorandum Opinion and Order Resolving Jane Doe 2's Motion to Intervene, [Doc. 182], and Defendants' Motion for Injunctive Relief and Sanctions, [Docs. 207, 201]" ("Sanctions Order"), Judge Ritter held that Jane Doe 2 and her counsel violated the Confidentiality Order but did not violate FERPA. Doc. 289. As such, Judge Ritter ordered Jane Doe 2's attorneys to pay Defendants' attorney's fees and expenses related to the motion for sanctions and other filings regarding Plaintiffs' violation of the Confidentiality Order. *Id.*

2

In response to the Sanctions Order, Plaintiffs filed an "Omnibus Motion for Relief from Stipulated Confidentiality Order [Doc. 35], Reconsideration of September 28 Memorandum Opinion and Order [Doc. 289], and Tolling of the Deadline for Rule 72(a) Objections" ("Omnibus Motion"). Doc. 309. Plaintiffs requested: (1) entry of a superseding confidentiality order; (2) "[a]n order finding that the contents of the publicly filed First and Second Amended Complaints have been ruled not confidential and may be used and disclosed in Jane Doe 2's case"; (3) "[a]n order requiring Defendants to produce an itemized log listing all the information and records they wish to designate as confidential, and the specific basis for each such designation"; (4) "[a]n order prohibiting Defendants from designating or redesignating as confidential Plaintiffs' own records and information within their personal knowledge, or other materials gained through means independent of the court's processes"; (5) "[r]econsideration of the prospective application of the Court's [Sanction Order]"; and (6) "[a]cceptance of Plaintiffs' proposal to satisfy the monetary sanction in the Sanctions Order with a $3,000 direct contribution to a designated Taos charity." *Id.* at 27.

While that Omnibus Motion was pending, the Court extended the deadline for Plaintiffs to file Rule 72 objections to the Sanction Order until after the Court resolved the Omnibus Motion. Doc. 344. On September 23, 2024, Judge Ritter issued his Omnibus Order, largely denying the Omnibus Motion. Doc. 350. Specifically, he: (1) declined to consider arguments regarding a superseding confidentiality order that Plaintiffs attempted to incorporate by reference, finding that Plaintiffs attempt to do so violated the Local Rules on page limits; (2) held that the publicly filed versions of Jane Doe 1's pleading are not subject to the Confidentiality Order, but that the Confidentiality Order does protect the underlying confidential materials upon which the pleadings rely or incorporate; (3) declined to require Defendants to

produce a log of all information they designated as confidential because (a) there was inadequate grounds to sanction Defendants based on their assertions of confidentiality, and (b) the Confidentiality Order provides a mechanism for challenging Defendants' confidentiality designations and Plaintiffs did not invoke it; (4) declined to issue a blanket order regarding the confidentiality of public information because the Confidentiality Order in this case already provides that publicly available information cannot be made confidential; (5) denied Plaintiffs' request to reconsider the sanctions previously imposed; and (6) denied Plaintiffs' request to make a charitable donation instead of paying Defendants' attorney's fees. *Id.* Thereafter, Plaintiffs did not file Rule 72 objections to the underlying Sanctions Order. Instead, Plaintiffs filed objections to portions of the Omnibus Order. Doc. 364; *see also* Doc. 374 (response); Doc. 376 (reply).

## 2. History of the Confidentiality Order

One month after the initial scheduling conference in this case, the Court entered a Stipulated Protective and Confidentiality Order, providing that information marked as confidential be "protected from disclosure outside this litigation."[2] Doc. 31; Doc. 35 at 1. Over a year after the Court entered the Confidentiality Order, Jane Doe 2 moved to intervene in the present case for the limited purpose of clarifying and amending the Confidentiality Order so that she could access information marked confidential in the Jane Doe 1 case. Doc. 182. Around the same time, Defendants moved for sanctions, asserting that Jane Doe 1 violated the confidentiality order by sharing confidential information with Jane Doe 2. Docs. 207, 210. In the September 28, 2023 Sanctions Order, Judge Ritter held that amending the Confidentiality Order

---

[2] The Court later amended the Confidentiality Order twice to add additional categories of information to the definition of "Confidential Information," but the other terms of the Confidentiality Order stayed the same. Docs. 59, 61.

was not yet appropriate because the parties "seem to strongly disagree on the issue of

amendment, but discussions and briefs have been overwhelmed by the issue of sanctions." Doc.

289 at 28. Thus, Judge Ritter denied Plaintiffs' request to amend the Confidentiality Order,

instead directing the parties as follows:

> Parties may pursue amendment[s] by drafting the changes they wish to see,
> submitting their proposed changes to each other to seek concurrence, and if the
> parties disagree, they may seek an informal conference with me to try to resolve
> the dispute informally. If this fails, the parties will have leave to file appropriate
> motions.

*Id.*

Several months later, on December 20, 2023, the parties filed a Joint Motion for

Superseding or Fourth Amended Confidentiality Order and Status Conference Regarding the

Same ("Joint Motion"). Doc. 305. The parties attached to the motion competing versions of a

fourth amended confidentiality order. Docs. 305-1, 305-2. This Joint Motion also contained brief

summaries of each sides' position as to their proposed amendments. Doc. 305 at 4-10. Two days

later, Plaintiffs filed their Omnibus Motion in which they "incorporated by reference" their

position in the Joint Motion as to their proposed amendments to the Confidentiality Order. Doc.

309 at 1.

Judge Ritter granted the Joint Motion in part, setting a status conference for January 31,

2024. Docs. 312, 324. At that conference, the parties "reached general agreements on

modifications to the proposed confidentiality order." Doc. 326 at 1 (clerk's minutes). Further,

minutes from this conference reflect that counsel would "confer on their respective proposed

orders and submit them for filing if they have no disputes. If the parties have disagreements

about the content of a proposed confidentiality order to be entered in either case [Jane Doe 1 or

Jane Doe 2], they shall request another status conference to try to resolve the disputes informally

before proceeding to motions practice." *Id.* at 2. Following this direction, on March 29, 2024, the parties filed a second Joint Motion for Status Conference and Notice of Availability for Same ("second Joint Motion"), Doc. 338, attaching their revised draft of the proposed fourth amended confidentiality order, with their remaining disputed language highlighted in yellow, Doc. 338-1. Of note, this remaining dispute arose after the January 31 status conference and so was not part of the parties' discussion in their first Joint Motion. On April 5, 2024, Judge Ritter held a second status conference during which the parties were unable to reach an informal resolution on the remaining area of dispute in the proposed fourth amended confidentiality order. Doc. 341 (clerk's minutes). As such, Judge Ritter "gave leave for the parties to file motions as appropriate." *Id.* Plaintiffs never filed a motion to amend the Confidentiality Order and resolve the remaining disputed language.

Thereafter, on September 23, 2024, Judge Ritter issued his Omnibus Order regarding Plaintiffs' Omnibus Motion. Doc. 305. In the Omnibus Order, Judge Ritter declined to consider Plaintiffs' incorporation of arguments made in the first Joint Motion regarding amending the Confidentiality Order:

> Plaintiffs incorporate by reference some of their previous filings to avoid repetition. [Doc. 309, pp. 1, 8]. However, those incorporations violate the District of New Mexico's rule limiting the combined length of a motion and supporting briefs to 27 double-spaced pages. D.N.M.LR-Civ 7.5. As the Omnibus Motion alone was 28 pages, one page more than allowed, the Court will not consider the references.

*Id.* at 3 n.1.

Lastly, on February 3, 2025, after the parties finished briefing the present objections, Judge Ritter held another status conference, during which amending the Confidentiality Order came up: "Regarding the previously proposed fourth amended confidentiality order, the parties will submit a stipulated order based on Doc. [338-1] insofar as they now stipulate to its terms.

The parties may raise disputed issues separately as appropriate, though some may be addressed in a pending ruling by presiding Judge Yarbrough." Doc. 378. On February 11, 2025, Judge Ritter entered a stipulated Fourth Amended Confidentiality Order. Doc. 386. Judge Ritter entered the Order pursuant to the parties' first Joint Motion for a status conference (Doc. 305) and the two informal conferences (Doc. 326, 378). *Id.* at 1.

## LEGAL STANDARD

The order to which Plaintiffs object, the Omnibus Order, is a non-dispositive order Judge Ritter issued pursuant to Rule 72(a). *See* Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."); *see also* D.N.M. LR-Civ. 73.1(a) (in the District of New Mexico, "[f]or every civil case, excluding Social Security appeals, a Magistrate Judge will be assigned as pre-trial Magistrate Judge . . . to preside over all non-dispositive pre-trial matters in accordance with Fed. R. Civ. P. 72(a)"). If a party files objections to such a non-dispositive order, "[t]he [presiding] judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [enumerated dispositive matters]. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

"Under the clearly erroneous standard, the reviewing court must affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (cleaned up). "Under the contrary to

law standard, the district judge conducts a plenary review of the magistrate judge's legal

determinations, setting aside the magistrate judge's order only if it applied an incorrect legal

standard." *Env't Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, No. CV 16-1056 WJ/JHR,

2019 WL 2248688, at *1 (D.N.M. May 24, 2019) (internal citation omitted). "In sum, it is

extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the

[presiding] judge." *Id.*

        As an initial matter, Plaintiffs argue that Judge Ritter's Omnibus Order to which they

now object "does not constitute a 'prompt' ruling as required to qualify as a Magistrate Judge

ruling on a nondispositive matter under Rule 72(a)." Doc. 364 at 8. Plaintiffs, however, are

unable to cite any cases defining prompt as used in this rule, *id.* at 9, and the Court need not

define it now. Even assuming for sake of argument that the Omnibus Order was not prompt, it

would not change the present analysis. Plaintiffs have cited no case, and Court is unaware of any

case, that says the remedy for a decision not entered promptly is to disregard the standard of

review set forth in statutes, rules, and binding case law or, alternatively, to disregard the

magistrate judge's order altogether. If this were the rule, it would allow parties to wait and see

how a magistrate judge might rule on a nondispositive issue and then, if the magistrate judge

rules against the party, challenge the ruling as being unprompt, rather than following the

procedures set forth in Rule 72.

        Also related to the applicable standard of review, Plaintiffs assert that when "ruling[] on

sealing of court records . . . the rulings by the pretrial Magistrate Judge at issue here do not

qualify for more deferential review under Rule 72(a)." Doc. 376 at 3-4. The sealing of court

records, however, is not at issue in Plaintiffs' objections. Instead, at issue in Plaintiffs' objections

is whether the Court should require Judge Ritter to deviate from the procedures he set forth in the

operative Confidentiality Order. Rule 72(a)'s standard does govern objections to procedures a magistrate judge has put in place for the designation and handling of confidential information. The Court therefore rejects Plaintiffs' argument that Rule 72(a) is inapplicable to the Court's present review of Plaintiffs' objections to Judge Ritter's Omnibus Order.

## DISCUSSION

Plaintiffs object to the footnotes on page 3 and Sections V(B) and V(C) of the Omnibus Order.[3] In the footnote at issue on page 3, Judge Ritter declined to incorporate filings on the Confidentiality Order into Plaintiffs' Omnibus Motion. In Section V(B), Judge Ritter rejected Plaintiffs' argument that Defendants should be sanctioned for "disregard[ing] the Court's directives by asserting the confidentiality of information despite orders allowing Plaintiffs to reference the same information in public filings." Doc. 350 at 9 (citing Doc. 309 at 10). Further, in this same section, Judge Ritter rejected Plaintiffs' argument that Defendants should be

---

[3] In their opening brief, Plaintiffs also object to Sections IV, V(D) and VI of the Omnibus Order. Doc. 364 at 1. Section IV is the "Relevant Law" section, including law regarding: (a) the standard of review for a motion to reconsider; (b) confidentiality orders and filing under seal, including First Amendment law; and (c) attorney's fee as a sanction for violating protective orders. Doc. 350 at 5-6. Other than summarily stating that they object to Section IV, Plaintiffs do not specify which legal standard they believe is incorrect. The Court thus deems this issue waived. *See Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks and citation omitted)). Plaintiffs do discuss First Amendment law in their objections. However, they object not to the Omnibus Order's recitation of First Amendment law as found in Section IV, but to its application as found in Section V, which the Court addresses below.

In Section V(D), Judge Ritter declined to reconsider the sanctions imposed against Plaintiffs in his September 28, 2024 Order. Doc. 350 at 10-11. The Court reads Plaintiffs' reply as abandoning this challenge. *See* Doc. 376 at 11-12 ("There is no remaining controversy over the pretrial Magistrate Judge's award of sanctions for past conduct relating to the Complaint in No. 22cv590 KWR-JHR.").

Section VI is a two-sentence conclusion. Plaintiffs make no separate arguments related to this conclusion and so the Court engages in no separate analysis related to this conclusion.

sanctioned for "overdesignat[ing] material, abusing the Court's orders and chilling their ability to proceed with litigation." *Id*. (citing Doc. 309 at 13–14). In Section V(C), Judge Ritter rejected Plaintiffs' "request that the Court issue a blanket order directing Defendants to cease designating as confidential publicly available information, including information in public filings and Plaintiffs' personal knowledge." *Id*. at 10 (citing Doc. 309 at 17). The Court will address each category of objections in turn.

### 1. Judge Ritter did not commit clear error or act contrary to the law in enforcing page limitations.

Plaintiffs object to Judge Ritter's refusal to consider argument regarding the amending the Confidentiality Order that they attempted to present through cross-reference to other briefs.[4] In so refusing, Judge Ritter cited District of New Mexico Local Civil Rule 7, which sets forth briefing page limitations. Doc. 350 at 3 n.1. Under this rule, the length of a motion "must not exceed twenty-seven double spaced pages." D.N.M. LR-Civ. 7.5. Here, Plaintiffs' Omnibus Motion was already twenty-eight double-spaced pages and, without seeking leave for an extension of the page limit, Plaintiffs sought to incorporate another five pages from an earlier filing. The Court finds no error in Judge Ritter's decision to enforce Local Rule 7.5 and, commensurately, in his declining to consider arguments Plaintiffs attempted to present through incorporation. Plaintiffs offer no argument or authority to support their attempt to circumvent the page limit. As such, they have not demonstrated that Judge Ritter's determination that they

---

[4] Plaintiffs state that they object to the "footnotes on Page 3." Doc. 364 at 1. In addition to footnote 1, which the Court addresses, page 3 of the Omnibus Order contains two other footnotes. Doc. 305 at 3 nn. 2, 3. Plaintiffs, however, make no specific arguments regarding footnotes 2 and 3 and so the Court does not further address these footnotes.

violated Rule 7 was clearly erroneous.[5] The Court therefore overrules Plaintiffs' objection to Judge Ritter's decision to enforce page limitation restrictions and, consequently, not to consider arguments Plaintiffs attempted to present through cross-reference.

2. **Plaintiffs' proposed Confidentiality Order language related to how confidential material should be handled after this case is over is not properly before the Court.**

Plaintiffs argue "[t]he Court should decide the parties' Joint Motion for a Superseding or Fourth Amended Confidentiality Order (Doc. 305) and select which of the contested language identified in the Revised Draft Fourth Amended Confidentiality Order (Doc. 338-1) to include in that proposed order." Doc. 364 at 11. They seek "a ruling which resolves the remaining area of disagreement shown in yellow highlighted on the revised Draft Fourth Amended Confidentiality Order (Doc. 338-1) filed March 29, 2024, based on existing briefing, and then enter the Court's chosen version of that Fourth Amended Confidentiality Order." Doc. 364 at 14.

Plaintiffs, however, did not present this issue in their Omnibus Motion filed December 22, 2023. Doc. 309. Indeed, this issue did not arise until March 29, 2024, when the parties filed their second Joint Motion for a status conference. Doc. 338. Judge Ritter's Omnibus Order on Plaintiffs' Omnibus Motion obviously did not address an issue that was not presented in Plaintiffs' Omnibus Motion. The present order pertains to Plaintiffs' objections to Judge Ritter's Omnibus Order. Because the yellow-highlighted language was not part of the Omnibus Order, it is not subject to review on Rule 72(a) objections as part of the present order.[6]

---

[5] Further, Judge Ritter's decision to enforce Rule 7 results in no miscarriage of justice. The arguments Plaintiffs sought to present through cross-reference related to the Joint Motion for a status conference to discuss amending the Confidentiality Order, an issue that the parties appeared to resolve during the informal conference. Docs. 326, 338. Thus, the issue Plaintiffs sought to present through incorporation is moot.

[6] Given the newly filed Fourth Amended Confidentiality Order (Doc. 386), it is also unclear if a dispute about the yellow-highlighted language remains. That is, although Judge Ritter indicated

3.  **Judge Ritter did not commit clear error or act contrary to law in declining to sanction Defendants, as set forth in Section V(B) of the Omnibus Order.**

In the present objections, Plaintiffs complain that Defendants are overdesignating as confidential information which is already public and that Judge Ritter erred in failing to issue sanctions to curb such behavior. Doc. 364 at 17. Previously at issue in this case was the extent to which certain allegations in Plaintiffs' first and second amended complaints should be kept under seal. In an October 5, 2022 order dealing with the first amended complaint and in orders dealing with the second amended complaint on August 7, 2023 and November 1, 2023, the Court unsealed much, but not all, of the information Defendants sought to keep under seal. Docs. 186, 278, 293. These orders did not resolve, however, what effect unsealing allegations in the complaints had on the designation of underlying material as confidential.

In the Omnibus Motion, Plaintiffs took the position that information in the publicly-available pleadings automatically loses its confidentiality designation regardless of any procedures the confidentiality order requires for removing confidential status from designated material. Doc. 309 at 6-7. "Defendants counter that while the pleadings may have not satisfied the higher threshold required to justify filing under seal, they could still insist on confidentiality given less demanding criteria." Doc. 350 at 7 (citing Doc 321 at 20-23). Consistent with their position, Defendants designated as confidential "information referenced in the First and Second Amended Complaints . . . despite their public filing." *Id.* at 4 (citing Doc. 321 at 10, 21). In addition to challenging Defendants' designations, Plaintiffs asserted in the Omnibus Motion that the Court should sanction Defendants for making those designations. They argued that "willful

_____

at his February 3 status conference that the parties could submit a stipulated order and raise any disputed issues separately, the record does not indicate that either party separately raised any areas of dispute.

defiance of a court order rejecting a party's confidentiality designations should be just as

sanctionable as willful defiance of a court order sustaining such designations." Doc. 309 at 12.

In Section V(A) of his Omnibus Order, Judge Ritter partially agreed with Plaintiffs and

held that "publicly filed versions of Jane Doe 1's pleadings are not subject to the Confidentiality

Order," because the very terms of the confidentiality order already make clear that "information

available to the public may not be kept confidential." Doc. 350 at 7 (citing Doc. 35 at 3).

However, the second part of Judge Ritter's ruling in Section V(A) held:

> Consequently, the Court finds that the Confidentiality Order can and still does
> protect the underlying confidential materials upon which the pleadings may rely
> or which they may incorporate via reference. A ruling on whether text in a public
> filing requires redaction does not constitute a ruling on the confidentiality of
> documents used to support that filing . . . [T]he Confidentiality Order may still
> protect confidential discovery materials, whose content remains private, even if a
> public filing acknowledges their existence.

*Id*. at 8.

Although Plaintiffs do not challenge Judge Ritters' holding in Section V(A), this second

part of Judge Ritter's holding is important to the remainder of the Court's present analysis.

Throughout their objections, Plaintiffs repeatedly assert, as if it were incontrovertible, that

Defendants' designation of material as confidential leading up to Judge Ritter's Omnibus Order

constituted a willful violation of the Court's previous orders and evidenced a pattern and practice

of overdesignation. Plaintiffs, however, do not separate the information Judge Ritter ruled should

not be designated as confidential (allegations publicly made in the complaints) from the

information Judge Ritter ruled could continue to be designated as confidential (underlying

confidential materials upon which the pleadings may rely, underlying confidential materials the

pleadings may incorporate by reference, or other confidential materials used to support the

allegations in the complaints). *See* Doc. 350 at 7-8. Because Plaintiffs provide no estimate of the

volume of material rendered not confidential as a result of Judge Ritter's Omnibus Order compared to the volume of material that remained confidential even after Judge Ritter's Omnibus Order, Plaintiffs fail to support their repeated protests that Defendants overdesignated information as confidential leading up to Judge Ritter's Omnibus Order.

The record fails to support Plaintiffs' overdesignation assertions in a second way. The Confidentiality Order sets forth a process for Plaintiffs to challenge what they view as Defendants' improper designation of information as confidential. If Defendants had engaged in a continued pattern and practice of overdesignation, the Court would expect a record of challenges to such designations to exist. The absence of such records indicates that either Defendants have not overdesignated material as confidential, or Plaintiffs have not availed themselves of the process in place to address overdesignation. If the former is the case, no problem exists and so no sanctions or remedy is necessary. If it is the latter case, the Court cannot determine that the existing procedure is inadequate because it has not been tested. That is, to the extent there is disagreement over whether information is public or the confidentiality of the underlying documents on which publicly released information was based, the process set forth in the Confidentiality Order is necessary to resolve such disagreement.

Even if it were ultimately determined that Defendants overdesignated information as confidential leading up to Judge Ritter's Omnibus Order, however, Plaintiffs fail to establish that Defendants had no good faith basis for believing that their designations were appropriate. As Judge Ritter noted in Section V(B) of his Omnibus Order, "the issue of whether a party may file under seal or with redactions poses a different (though related) legal question than whether a party may keep discovery material confidential." Doc. 350 at 9. The Court's orders unsealing certain allegations in the first and second amended complaints did not include an order providing

14

that this unsealing automatically removed any confidential designation that had been placed on those allegations or on the underlying documents.

For these reasons, the Court cannot say that Judge Ritter acted clearly erroneously or contrary to law in denying Plaintiffs' request to sanction Defendants for alleged overdesignation of confidential information.

### 4. Judge Ritter did not commit clear error or act contrary to law in denying Plaintiffs' request that Defendants be required to produce a confidentiality log.

In their Omnibus Motion, Plaintiffs requested that Judge Ritter "require Defendants to provide an itemized log of their confidentiality designations which identifies each of them by its Bates-number range and/or a page, line, or paragraph number of a specific document, and accompanied by an itemized description of the basis for each such designation." Doc. 309 at 14. Plaintiffs' primary justification for their sanctions request was that Defendants' alleged ongoing practice of overdesignation "has a chilling effect on Plaintiffs' ability to proceed with the litigation and interferes with the Court's ability to manage it, because all of Plaintiffs' ongoing court filings, discovery materials, and other communications are subject to ongoing threats of further sanctions based on a contention that they may reveal information which Defendants may designate or redesignate as confidential, even after the Court has already ruled that such information is not confidential, or Defendants have previously stated they have withdrawn such a designation." Doc. 309 at 13. Consistent with their argument to Judge Ritter, Plaintiffs now argue that they "continue to face the threat of further sanctions based on mere speculation that they 'used' the content of an already public filing in some future filing." Doc. 364 at 7.

In other words, the premise of Plaintiffs' argument is that Defendants have engaged in an ongoing practice of overdesignation. As set forth above, however, the only specific example of overdesignation Plaintiffs offer is Defendants' designation of allegations in the first and second

15

complaint as confidential. Because Plaintiffs have failed to establish the premise of their

argument—that Defendants are engaged in an ongoing pattern and practice of overdesignation—

their argument fails.

Further, even accepting Plaintiffs' argument that Defendants' confidential designations of

allegations in the first and second amended complaint constituted egregious overdesignation,

such overdesignation would not justify the prospective relief Plaintiffs propose. This is because

there is no third amended complaint that raises these same issues and, even if there were, Judge

Ritter's Omnibus Order now makes clear that public allegations in a complaint cannot be

designated as confidential. Thus, the alleged overdesignation about which Plaintiffs complain is

unlikely to reoccur.

Plaintiffs further complain that fear they will be sanctioned for revealing information

Defendants may designate as confidential, and this fear creates a chilling effect on Plaintiffs'

ability to proceed with litigation. Doc. 364 at 10-11. The present Confidentiality Order, however,

requires Defendants to identify information they designate as confidential, limits Defendants to

identifying as confidential information that they in good faith believe to be confidential, provides

Plaintiffs the ability to challenge Defendants' confidentiality designations, and places the burden

on Defendants to justify confidentiality designations Plaintiffs have challenged. Specifically,

Section 8 of the Confidentiality Order provides:

> The designation of any material or document as Confidential Information is
> subject to challenge by any party. Before filing any motion or objection to a
> confidential designation, though, the objecting party must meet and confer in
> good faith with opposing counsel to attempt to resolve the objection informally
> [and request a telephone conference with the undersigned Magistrate Judge to
> determine if the objection can be resolved through such a conference.][7] A party

---

[7] The bracketed section does not appear in the Fourth Amended Confidentiality Order. Doc. 386
at 8. Otherwise, however, the original Confidentiality Order and the Fourth Amended
Confidentiality Order provide the same process.

that thereafter elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.

Doc. 35 at 6-7; Doc. 386 at 8. As long as Plaintiffs follow the procedures set forth in the confidentiality order, they need not fear sanctions. As Judge Ritter pointed out in his Omnibus Order, however, the Court "cannot enforce Plaintiffs' rights under the Confidentiality Order if they do not follow the procedure it requires." Doc. 350 at 9.

The logging requirement Plaintiffs propose is also unlikely to alleviate Plaintiffs' professed concerns. If the parties dispute whether certain information should be designated as confidential and that dispute cannot be resolved during an informal conference, the issue will have to be briefed irrespective of any logging requirement. A logging requirement would also be inefficient . The current system does not require either party to devote time and resources to justifying a confidential designation of material for which there is no dispute. The system Plaintiffs propose, however, would require Defendants (but apparently not Plaintiffs) to justify each item designated as confidential even if Plaintiffs agree with that designation.

In requiring the party designating confidential material to justify confidentiality designations when challenged, the current system appropriately places the burden of justification on the party that produced and designated the materials as confidential. *See* Doc. 350 at 10 (Omnibus Order, recognizing that the established process keeps the burden of proof to justify a confidential designation with the producing party). Of course, if the non-designating party has independently obtained the same information from another source, as the only party aware of exactly what has been obtained from the independent source, it might be incumbent on the non-designating party to demonstrate that the information at issue was obtained from an independent

source rather than through the discovery process. Nothing about this process is unfair or inadequate.

For these reasons, Judge Ritter did not abuse his discretion or act contrary to law in denying Plaintiffs' request to impose a logging requirement on Defendants.

**5. Judge Ritter did not commit clear error or act contrary to law in Section V(C) when he rejected Plaintiffs' request for a blanket order directing Defendants to cease designating as confidential publicly available information.**

In Section V(C) of his Omnibus Order, Judge Ritter rejected Plaintiffs "request that the Court issue a blanket order directing Defendants to cease designating as confidential publicly available information, including information in public filings and Plaintiffs' personal knowledge." Doc. 350 at 10 (citing Doc. 309 at 17). As Judge Ritter pointed out in his Omnibus Order, the Confidentiality Order already "states that publicly available information cannot be made confidential and limits its protection to materials produced in discovery." *Id.* (citing Doc. 35 at 2-3). Indeed, the Fourth Amended Confidentiality Order likewise limits its scope to "documents and material produced in the course of discovery," and explicitly provides that "[i]nformation or documents that are available to the public may not be designated as Confidential Information, unless the disclosure which made the information or documents public was itself unlawful." Doc. 386 at 2, 4.

In the present objections, Plaintiffs acknowledge that "the original [Confidentiality Order] in this case and a previous Order on the subject already state that: 'Information or documents that are available to the public may not be designated as Confidential Information.'" Doc. 364 at 8 (citing Doc. 289 at 10). But, they complain, "Defendants have continued that pattern and practice despite such language in the [Confidentiality Order] and the previous Order." *Id*. Plaintiffs' complaint, then, is that the Confidentiality Order in place has not

prevented Defendants from overdesignating information as confidential. The first problem with Plaintiffs' complaint is the one the Court identified above: Plaintiffs provide insufficient support for their allegations of overdesignation that is so egregious it cannot be addressed by the process set forth in the Confidentiality Order, to which Plaintiffs long ago agreed.

Even accepting Plaintiffs' assertions of overdesignation, however, Plaintiffs do not explain how the ineffectiveness of the Confidentiality Order would be cured by the issuance of another order that says the same thing. Issuing another order with the same language would not address the problem Plaintiffs claim exists. Instead, it would unnecessarily create a need to consult multiple orders for guidance on the same issue.

 Next, Plaintiffs argue that, because the Omnibus Order does not state that publicly filed information is subject to confidential designations, the Omnibus Order amounts to a "*de facto* injunction or 'gag order' placing a prior restraint on Plaintiffs' First Amendment right to express information that is already public or that is already available without reliance on any discovery under the Rule of Civil Procedure." Doc. 364 at 10. As Judge Ritter explained in the Omnibus Order, however, the Confidentiality Order already accounts for First Amendment considerations as it provides that publicly available information cannot be made confidential and provides a process to alert the Court of any improper confidentiality designations. Doc. 350 at 10. This First Amendment analysis supplements the more comprehensive First Amendment analysis Judge Ritter provided in the underlying Sanctions Order. Doc. 289 at 9-10, 13. Judge Ritter correctly sets forth First Amendment law and committed no clear error in applying that law. The Omnibus Order in no way prevents Plaintiffs from using the process set forth in the operative Confidentiality Order to challenge confidential designations as to discovery, the only type of information the Confidential Order governs.

Even so, regarding independently obtained evidence, Plaintiffs assert that "under Judge Ritter's memorandum opinion and order, Plaintiffs must still operate under the presumption and threat that disclosing such information available independently of this litigation in a public court filing would result in further sanctions against them or their counsel, unless they first went through the lengthy and cumbersome process of submitting all that information to the Court in a motion seeking a ruling that they are allowed to include it in a public filing." Doc. 364 at 11. Plaintiffs further assert that "Judge Ritter's memorandum opinion and order is also contrary to law because it continually glosses over the distinction between information obtained solely through confidential discovery in litigation and information which is or can be obtained independently of discovery mechanisms in the litigation." Doc. 364 at 18. Plaintiffs' position that Judge Ritter has failed to recognize this distinction, however, is simply incorrect. Specifically, the Omnibus Order provides that

> [T]he Confidentiality Order states that publicly available information cannot be made confidential and limits its protection to materials produced in discovery. In addition, the order directs any producing party to clearly mark what materials they designate as confidential. Their failure to do so, even inadvertently, risks waiving their ability to keep the produced material private. Under these terms, the producing party must justify their confidentiality designations once challenged by the requesting party. The Confidentiality Order therefore already accounts for First Amendment considerations, provides a process to alert the Court of any improper confidentiality designations, and ensures the burden of proof stays with the producing party.

Doc. 350 at 10 (internal citations omitted).

Plaintiffs also argue that, in violation of their First Amendment rights, the Court restricted Plaintiffs from using independently obtained information even after Plaintiffs "detailed that the portions of the FAC and Jane Doe 2's Complaint in No. 22cv590 KWR-JHR which Defendants repeatedly designated as confidential, and which provided the basis for their requests for sanctions, consist of information 'gained through means independent of the court's

processes.'" Doc. 364 at 18. As an example, Plaintiffs state they "provided an itemized listing of their basis for claiming they knew of information in specific paragraphs of Jane Doe 2's Complaint from independent sources without relying on school records Defendants designated as confidential." *Id*. at 18-19 (citing Doc. 219 at 10; Doc. 332 at 7-8).

Document 219 is a reply brief Jane Doe 2 filed in support of her motion to intervene. That document does not identify information Defendants designated as confidential and as such, does not provide an independent source from which Jane Doe 2 obtained the information. Instead, Document 219 contains Jane Doe 2's argument about the records Jane Doe 1 and Jane Doe 2 have a right to access. Doc. 219 at 10. Jane Doe 2 also argued that the complaint in her case serves as an itemized log which corresponds to Defendants' proposed redactions in the first amended complaint in the present case. *Id*. Further, Jane Doe 2 asserted that Plaintiffs[8] relied on independent sources to supply allegations in Jane Doe 2's pleading. *Id*. Asserting reliance on unidentified independent sources, however, is different than itemizing those independent sources and connecting information from those independent sources to information obtained in discovery and designated as confidential.

Similarly, the other source Plaintiffs cite as evidence that they knew of information in specific paragraphs of Jane Doe 2's complaint from independent sources contains no itemized list of non-court documents. Document 332 is Plaintiffs' reply in support of their Omnibus Motion. Rather than containing any itemized list, Document 332 simply cross-references Document 219.

---

[8] Jane Doe 2 is the only plaintiff in her case and so it is unclear whether the use of the word "Plaintiffs" in Jane Doe 2's reply brief refers to Jane Doe 2, Plaintiff Jane Doe 1 in the present case, or both.

21

As such, Plaintiffs have not demonstrated that they have been, or might be, sanctioned for publicly disclosing information they obtained outside the discovery process in Jane Doe 1's case. To the contrary, Judge Ritter has made it clear that the Confidentiality Order in the present case only applies to discovery obtained in the present case. Doc. 350 at 10. Granted, if Plaintiffs use information from an independent source that mirrors information obtained in discovery, Plaintiffs may need to identify the information as having come from an independent source. The possibility that Plaintiffs may be asked to verify that information they have used and that mirrors discovery they have been provided comes from an outside source, however, does not violate the First Amendment.

## CONCLUSION

For these reasons, the Court OVERRULES "Plaintiffs' Rule 72 Objections to Memorandum Opinion and Order on Plaintiffs' Omnibus Motion for Relief [Doc. 350]" (Doc. 364).

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE